Appeal No. 2022-134

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

# 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

———————

**SONOS, INC.,**

*Plaintiff-Petitioner-Cross-Respondent*,

**v.**

**GOOGLE LLC,**

*Defendant-Respondent-Cross-Petitioner.*

———————

On Petition and Cross-Petition for Permission to Appeal an Order from the United States District Court for the Northern District of California in Case No. 3:21-cv-07559-WHA, Judge William Alsup

---

## GOOGLE LLC'S CROSS-PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

---

David M. Cooper
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Charles Verhoeven
Melissa Baily
Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN
LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

*Counsel for Defendant-Respondent-Cross-Petitioner Google LLC*

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**   2022-134

**Short Case Caption**   Sonos, Inc. v. Google LLC

**Filing Party/Entity**   Google LLC

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 04/07/2022

Signature: /s/ Charles Verhoeven

Name: Charles Verhoeven

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Google LLC | | XXVI Holdings Inc. |
| | | Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Nima Hefazi | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Google LLC v. Sonos, Inc., 3:20-cv-06754-WHA (N.D. Cal) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................1

QUESTION PRESENTED ON CROSS-PETITION.................................3

STATEMENT OF FACTS ............................................................................3

    A.    Google's Collaboration With Sonos ......................................3

    B.    The Parties' Discussions Regarding Patents Not At Issue Here...........4

    C.    Sonos's Complaint For Infringement And Google's Complaint For Declaratory Judgment Of Non-Infringement .................................4

    D.    The District Court's Dismissal Without Prejudice Of Sonos's Willful And Indirect Infringement Claims...........................................6

    E.    Sonos's Proposed Third Amended Complaint.....................................8

ARGUMENT .................................................................................................9

I.    GOOGLE DOES NOT OPPOSE SONOS'S PETITION IF GOOGLE'S CROSS-PETITION IS ALSO GRANTED............................11

II.    THERE IS A CONTROLLING QUESTION OF LAW WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO PLEAD WILLFUL INFRINGEMENT AND THE KNOWLEDGE ELEMENT OF INDIRECT INFRINGEMENT ...........................................14

    A.    The Interpretation Of The Pleading Standard For Willful And Indirect Infringement Presents A Pure Question Of Law..................15

    B.    The Question Is Controlling Because Reversal Would Require Dismissal With Prejudice ..................................................................15

    C.    Clarity On This Issue Would Have Significant Precedential Value ................................................................................................16

III.    SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST AS TO WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO ALLEGE WILLFUL AND INDIRECT INFRINGEMENT .........................................................................................17

IV.    RESOLUTION OF THIS ISSUE WOULD MATERIALLY ADVANCE THE OUTCOME OF THE LITIGATION ..............................21

RELIEF SOUGHT AND CONCLUSION ............................................22

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,
    219 F.3d 674 (7th Cir. 2000) ................................................................. 15

*Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*,
    650 F.3d 652 (7th Cir. 2011) ................................................................. 10

*Apple Inc. v. Princeps Interface Techs. LLC*,
    No. 19-CV-06352-EMC, 2020 WL 1478350 (N.D. Cal. Mar. 26,
    2020) ...................................................................................................... 18

*Arrowhead Indus. Water, Inc. v. Ecolochem*,
    846 F.2d 731 (1988) .............................................................................. 20

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021) ............................................................... 18

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*,
    No. 612CV1380ORL22TBS, 2013 WL 12149301 (M.D. Fla. Mar. 29,
    2013) ...................................................................................................... 12

*Dodd v. Hood River Cnty.*,
    59 F.3d 852 (9th Cir. 1995) ................................................................... 10

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*,
    894 F.3d 665 (5th Cir. 2018) ................................................................. 10

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ................. 5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ................................................................................ 19

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022) ............................................................... 22

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille
    Lauro in Amministrazione Straordinaria*,
    921 F.2d 21 (2d Cir. 1990) .................................................................... 17

*Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*,
    727 F. Supp. 2d 887 (E.D. Cal. 2010) .................................................. 21

*Mamani v. Berzain*,
   825 F.3d 1304 (11th Cir. 2016) ................................................... 15

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ................................................... 20

*Mitutoyo Corp. v. Cent. Purchasing, LLC*,
   499 F.3d 1284 (Fed. Cir. 2007) ................................................. 18

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ................................................. 13

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May
   16, 2012) ................................................................... 13, 14

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ..................................................... 17

*Ritz Camera & Image, LLC v. SanDisk Corp.*,
   463 F. App'x 921 (Fed. Cir. 2012) ............................................... 9

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
   86 F.3d 656 (7th Cir. 1996) ..................................................... 15

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   709 F.3d 1365 (Fed. Cir. 2013) ................................................. 13

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
   482 F.3d 1330 (Fed. Cir. 2007) ................................................. 20

*VLSI Tech. LLC v. Intel Corp.*,
   No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .................... 12

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20-CV-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) .......... 13

*Yamaha Motor Corp., USA v. Calhoun*,
   516 U.S. 199 (1996) ............................................................ 10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ............................................. 12

## **STATUTORY AUTHORITIES**

28 U.S.C. § 1292(b) ........................................................ 1, 8, 9, 15, 22

Patent Act, 35 U.S.C. §§ 271, 284 ............................................... 15

## **INTRODUCTION**

Google submits this cross-petition for interlocutory review because this Court's guidance is needed to clarify the pleading standard for willful and indirect infringement, and such clarity can be provided only if this Court grants this cross-petition along with Sonos's petition.  The District Court held that Sonos could amend its complaint to show willfulness and the knowledge element of indirect infringement simply by alleging that Google had filed a declaratory judgment complaint alleging non-infringement of the patents at issue.  Because this theory is legally baseless and raises troubling practical consequences, this Court should grant review and order dismissal with prejudice.

As an initial matter, Google does not oppose Sonos's petition.  Sonos fails to confront the weight of precedent rejecting its arguments and many courts' explanations for why a patentee cannot bootstrap its own allegations of infringement as the basis to show that the infringement was willful and knowing for purposes of indirect infringement.  Nonetheless, because there is some confusion among district courts on the questions presented in the petition, this Court's review would provide helpful guidance.

However, review would be meaningful in the instant case—and thus satisfy the Section 1292(b) requirements of a controlling question of law that will advance the outcome of the litigation—only if this Court also grants Google's cross-petition.

Absent this cross-petition, Sonos's petition is largely meaningless because Sonos already has moved to amend to satisfy the District Court's proposed pleading standard for willfulness and the knowledge element of indirect infringement. The question of consequence here is whether all of Sonos's allegations—including that Google filed a declaratory judgment complaint—suffice to meet the pleading standard. If not, then Sonos's second amended complaint should have been dismissed with prejudice, and courts consistently hold that this change (from dismissal without prejudice to with prejudice) is a proper basis for cross-appeal.

Moreover, there is an important, unsettled issue of law regarding whether the filing of a declaratory judgment complaint provides a sufficient basis for a patentee to allege willful infringement and the knowledge element of indirect infringement. The District Court disregarded the point that willfulness and knowledge require not only knowledge of the patent, but knowledge that the party was infringing that patent. A party's choice to file a declaratory judgment complaint—and thereby provide a good-faith basis to show *non*-infringement—does not plausibly support the inference that the party actually knows it is infringing, *i.e.*, the exact opposite of what it is claiming. The District Court's contrary conclusion would mark a drastic change in the law, whereby parties would be punished for filing declaratory judgment complaints and be strongly disincentivized from doing so. Such a change

warrants this Court's review, and accordingly, this Court should grant this cross-petition along with Sonos's petition.

## QUESTION PRESENTED ON CROSS-PETITION

Can a patentee remedy a failure to plead willful infringement and the knowledge element of indirect infringement merely by alleging that the alleged infringer filed a complaint requesting a declaratory judgment of non-infringement of the patents at issue?

## STATEMENT OF FACTS

### A.    Google's Collaboration With Sonos

Founded in 1998, Google has a mission to organize the world's information and make it universally accessible and useful. *Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754-WHA ("Declaratory Judgment Action"), Dkt. 125 ¶ 14. Over the past two decades, Google has become one of the world's most innovative technology companies in service of that mission. *Id.*

In 2013, Google and Sonos began collaborating on the integration of Google Play Music with Sonos devices. *Id.* ¶ 18. Google and Sonos executed several agreements in connection with their collaboration, including a November 2013 Content Integration Agreement. *Id.* ¶ 21. Pursuant to the parties' agreements, Google and Sonos collaborated closely on cloud queue technology for Google Play Music between 2013 and 2015. *Id.* ¶ 24. By December 2013, Google told Sonos that it was considering "a more cloud queue centric model" for certain aspects of

development related to the collaboration.  *Id.* ¶ 25.  Google went on to develop its technology, and Sonos learned the details of Google's development in connection with the parties' collaboration.  Dkt. 32 at 24.[1]  Sonos also understood—and acknowledged at the time—that Google would be using its technology not just in connection with Sonos devices but also in connection with other devices.  *Id.*

### B.    The Parties' Discussions Regarding Patents Not At Issue Here

Between 2016 and 2019, Google and Sonos engaged in cross-licensing discussions.  Dkt. 138 at 9.  In connection with the parties' years-long negotiation of a potential cross-license, Sonos sent Google various materials identifying Sonos patents and accusing Google products of infringement.  *Id.*  While those materials purportedly identified U.S. Patent Nos. 9,967,615 ("'615 patent") and 9,344,206 ("'206 patent"), as well as patents sharing a common specification with U.S. Patent Nos. 10,469,966 ("'966 patent"), 10,779,033 ("'033 patent"), and 10,848,885 ("'885 patent"), Sonos admits that "this correspondence did not specifically identify the '033, '966, and '885 Patents."  Dkt. 144 at 7.

### C.    Sonos's Complaint For Infringement And Google's Complaint For Declaratory Judgment Of Non-Infringement

On September 28, 2020, Sonos sent Google a draft complaint alleging infringement of the '615, '033, '966, and '206 patents as well as U.S. Patent No.

---

[1]    Unless otherwise noted, docket numbers refer to the docket in the proceeding below, No. 3:21-cv-07559-WHA (N.D. Cal.).

9,219,460 ("'460 patent"), which it planned to file in the Western District of Texas the next day. Dkts. 1 ¶¶ 83, 95, 107, 120, 133. That night, Google filed a declaratory judgment complaint in the Northern District of California seeking a declaratory judgment of non-infringement of the same patents. Declaratory Judgment Action, Dkt. 1. The next morning, Sonos filed the instant action in the Western District of Texas. Dkt. 1. The Northern District of California later stayed the declaratory judgment action to allow the Western District of Texas to rule on Google's motion to transfer this case to California. Declaratory Judgment Action, Dkt. 36. This Court granted Google's petition for mandamus and ordered transfer to the Northern District of California. *See In re Google LLC*, No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021).

On February 23, 2021, Sonos filed the operative second amended complaint, alleging infringement of the '615, '033, '966, '885, and '206 patents.[2]  Dkt. 51. Sonos's second amended complaint asserts willful and indirect infringement claims for the '033, '966, and '885 patents. *Id.* Sonos contends that Google had knowledge of the '033 and '966 patents when Sonos sent Google a draft of its original complaint on September 28, 2020, and of the '885 patent when Sonos provided Google with a draft of its first amended complaint on January 8, 2021. *Id.* ¶¶ 92-95, 117-20, 130-

---

[2]    On February 4, 2022, the parties stipulated to dismissal of claims and counterclaims regarding the '206 patent. Dkt. 151.

33.  It also claims that Google had notice of the '033, '996, and '885 patents as a result of the parties' licensing discussions regarding other non-asserted patents in Sonos's patent portfolio.  *See, e.g.*, *id.* ¶¶ 20, 22.

### D. The District Court's Dismissal Without Prejudice Of Sonos's Willful And Indirect Infringement Claims

On March 9, 2021, Google moved to dismiss Sonos's claims for willful and indirect infringement of the '033, '966, and '885 patents.  Dkt. 55.  Since the motion was still pending when this case was transferred from the Western District of Texas to the Northern District of California, Google re-filed it in the Northern District of California on January 10, 2022.  Dkt. 138 at 8.

On March 16, 2022, the court granted Google's motion to dismiss without prejudice.  ADD1-13.  Recognizing that the standard for pleading willful infringement "is a recurring issue in patent litigation," the court attempted to set forth the "proper pleading standard."  ADD2-3.  Although "[n]o post-*Halo* appellate authority addresses any pleading requirements for enhanced damages, or for that matter, willful infringement," the court held that "knowledge of the patent and knowledge of infringement must be pled with plausibility."  ADD4.  It then emphasized that "[m]ere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough" to establish a specific intent to infringe.  *Id.*  The court also "join[ed] those district courts that do not generally allow the complaint to serve as notice."  ADD8.  However, the court noted that a "different calculus" applies "when

6

the controversy is initiated by the accused infringer by way of a declaratory relief action" and held that "the patent owner, by way of a counterclaim, should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents." *Id.*

Applying this standard, the court found that "Sonos has not plausibly alleged Google had the requisite knowledge" to support its willful infringement claims for the '033, '966, and '885 patents. ADD9. First, the court rejected Sonos's claim that the courtesy copies of the original complaint and first amended complaint established Google's knowledge of the '033, '966, and '885 patents. *Id.* Second, it found Sonos's allegations of the parties' previous licensing discussions and patent disputes insufficient to establish knowledge of the patents at issue. ADD9-10. But the court permitted Sonos to amend its complaint to plead willful infringement based on Google's declaratory judgment complaint. ADD10.

The court also dismissed without prejudice the claim for indirect infringement on the same ground. ADD10-12. The court noted that "[l]ike willful infringement, both forms of indirect infringement—induced and contributory infringement—require knowledge of the patent and knowledge of infringement." ADD10. Accordingly, the court concluded that "[e]verything discussed above for willfulness applies here." ADD11. In addition, for contributory infringement, the court held

that Sonos did not adequately plead the requisite lack of substantial noninfringing uses.  ADD11-12.

Recognizing that "reasonable minds may differ" on the pleading standard for "pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and recognizing the vast amount of resources being consumed in the district courts over such pleading issues," the court certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b).  ADD13.  On March 28, 2022, Sonos petitioned this Court for permission to appeal.[3]

### E.    Sonos's Proposed Third Amended Complaint

On March 30, 2022, Sonos moved for leave to file a third amended complaint. Dkt. 159.  In an effort to cure the deficiency of its willful and indirect infringement claims for the '033, '966, and '885 patents, Sonos added the following allegations: (1) Google's declaratory judgment complaint supposedly demonstrates that Google knew of the '966, '033, and '885 patents prior to Sonos bringing each respective claim of infringement,[4] and (2) Google supposedly "should have known about the

---

[3]  On March 30, this Court ordered that a response to the petition was due on April 6.  Because Google did not file a response, but rather files only this cross-petition, it is due today, April 7, under Rule 5(b)(2) of the Federal Rules of Appellate Procedure. However, in an abundance of caution, Google notes that if this Court disagrees, Google respectfully requests the Court nonetheless accept this filing, and Google would submit a motion requesting this relief should the Court deem it necessary.

[4]  Although Google's original declaratory judgment complaint did not seek a declaratory judgment of non-infringement of the '885 patent, Sonos appears to contend that the original declaratory judgment complaint nevertheless establishes

'966, '033, and '885 Patents and Google's infringement thereof based on the parties'
multi-jurisdictional patent dispute as well as a five-year history where Sonos had
repeatedly informed Google of the breadth and depth of Sonos's patent portfolio and
its applicability to the accused Google products, including for patents in the same
family as the asserted patents." *Id.* at 12-13.[5]

## ARGUMENT

The Court should grant review to address the District Court's holding that a
patentee can plausibly allege willful infringement and the knowledge element of
indirect infringement by asserting that the alleged infringer filed a complaint
requesting a declaratory judgment of non-infringement of the patents at issue.
Review under 28 U.S.C. § 1292(b) is warranted because this is (1) an important and
controlling issue of law; (2) as to which there are substantial grounds for a difference
of opinion; (3) the resolution of which would substantially narrow this case. *See*,
*e.g.*, *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 F. App'x 921, 922 (Fed. Cir.
2012).

Google cross-petitions, rather than simply raising this issue as an additional
basis for affirmance, because Google's arguments would warrant a change in the

---

that Google knew of the patent before Sonos filed its claim for infringement of the
'885 patent. *See* Dkt. 159 at 12-13; Declaratory Judgment Action, Dkt. 1.

[5]     Sonos also provided additional allegations on the issue of substantial
noninfringing uses. *See* Dkt. 159-9 ¶¶ 143-47, 179-82, 212-15. Neither Sonos nor
Google petitions this Court for review of this issue.

District Court's order from a dismissal without prejudice to a dismissal with prejudice. Courts consistently recognize that a defendant may seek such relief through a cross-appeal. *See, e.g.*, *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 672 (5th Cir. 2018) ("The district court dismissed Plaintiffs' claims without prejudice, but a dismissal without prejudice may be converted into a dismissal with prejudice when a defendant files a cross-appeal, as [the defendant] has done here."); *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir. 2011) ("An appellee who wants, not that the judgment of the district court be affirmed on an alternative ground, but that the judgment be changed, in this case from a dismissal without to a dismissal with prejudice, must file a cross-appeal."); *Dodd v. Hood River Cnty.*, 59 F.3d 852, 864 (9th Cir. 1995) ("The District Court's dismissal was grounded on its own lack of jurisdiction and was without prejudice. The [defendants], having not filed a cross-appeal, may urge any ground that would result in an affirmance of the judgment below in their favor, but may not obtain from us relief more extensive than [they] received from the district court."). In any event, "the appellate court may address any issue fairly included within the certified order . . . ." *Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996). Here, as discussed below, this Court can and should address the issues raised in both Sonos's petition and this cross-petition.

## I.    GOOGLE DOES NOT OPPOSE SONOS'S PETITION IF GOOGLE'S CROSS-PETITION IS ALSO GRANTED

Google does not oppose Sonos's petition because the pleading standard for willful and indirect infringement would benefit from this Court's review. Nonetheless, it would be imprudent to grant Sonos's petition without also granting this cross-petition because Sonos's petition by itself would have little, if any, effect on the outcome of this case. The District Court indicated that Sonos could survive a motion to dismiss on willfulness and the knowledge element of indirect infringement simply by adding an allegation that Google had filed a declaratory judgment complaint. *See* ADD8-11. Sonos's proposed third amended complaint does just that. Thus, regardless of whether Sonos's allegations in its second amended complaint would suffice, it appears that Sonos's claims may now survive a motion to dismiss as to willful infringement and the knowledge element of indirect infringement. In contrast, Google's cross-petition is dispositive because (if accepted) it would leave Sonos without any basis to plead willful or indirect infringement, and thus require dismissal of those counts with prejudice. In short, it does not make sense for this Court to decide whether some, but not all, of the allegations at issue here suffice to plead willful and indirect infringement. But because the pleading standard is a subject of significant confusion and disagreement among district courts, this Court should grant both the petition and cross-petition to provide needed clarity on the questions presented.

Furthermore, while Google will address in further detail the merits of the issues presented in Sonos's petition if this Court grants the petition, it suffices here to note that Sonos mischaracterizes the weight of authority and disregards the arguments that refute its position.  Contrary to Sonos's suggestion (Pet. 19-21), many district courts have rejected the idea that the patentee's complaint of infringement itself suffices to plead willful infringement and the knowledge element of indirect infringement.  Those courts explain that Sonos's approach impermissibly would allow a complaint to create a cause of action.  *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims."); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("the complaint itself cannot serve as the basis for a defendant's actionable knowledge" because the "purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim").

It also would render the willfulness and knowledge elements essentially "meaningless," as alleged infringers always have knowledge of the patents-in-suit after receiving the complaint.  *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, No. 612CV1380ORL22TBS, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013).  As one district court correctly explained: "[I]t should not be the case that every patent

12

infringement lawsuit is automatically a willful infringement case.  But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021); *see also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) ("Imagine that a plaintiff files a claim for indirect infringement alleging that the complaint establishes the defendant's knowledge.  The same day, the defendant ceases all activity.  Yet, under Plaintiff's rule, the defendant could not succeed on a motion to dismiss because, even though the defendant only learned of the patent the day of the complaint, defendant's knowledge is bootstrapped onto its conduct prior to the complaint's filing.").

This Court's precedents likewise suggest that the knowledge that matters is *pre-suit knowledge*, not knowledge gained in the suit itself.  *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (finding that the knowledge element of contributory infringement was satisfied where plaintiff had "pled facts to show Defendants' knowledge, prior to filing of the suit, of the [asserted] patent"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (concluding that the "jury's finding of liability for contributory infringement demonstrate[d] the jury found each Defendant had actual knowledge of the [asserted] Patent prior to suit").  Indeed, as the District Court recognized, requiring

pre-suit knowledge preserves judicial and party resources by encouraging patent owners to put infringers on notice before resorting to litigation. ADD8 ("allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit"); *see also Proxyconn*, 2012 WL 1835680, at *5 ("requiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit").

Despite the District Court's correct analysis of this issue, there are (as Sonos notes) some district courts that have held the contrary, and for that reason, Google does not oppose this Court granting Sonos's petition along with Google's cross-petition.

## II. THERE IS A CONTROLLING QUESTION OF LAW WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO PLEAD WILLFUL INFRINGEMENT AND THE KNOWLEDGE ELEMENT OF INDIRECT INFRINGEMENT

The District Court's order presents a controlling question of law because its interpretation of the pleading standard for willful and indirect infringement presents a purely legal question, its reversal would require dismissal with prejudice of Sonos's willful and indirect infringement claims for the '033, '966, and '885 patents, and a clarifying decision from this Court will have critical precedential value.

14

**A.    The Interpretation Of The Pleading Standard For Willful And Indirect Infringement Presents A Pure Question Of Law**

To qualify as a question of law for purposes of § 1292(b), "an issue must be an abstract legal issue that the court of appeals can decide quickly and cleanly." *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (quotation marks omitted); *see also Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000) ("'question of law' means an abstract legal issue").  Here, the proper pleading standard is a pure question of law reviewed *de novo*.  In particular, whether a patentee can plead willful infringement and the knowledge element of indirect infringement merely by asserting that the alleged infringer filed a complaint requesting a declaratory judgment of non-infringement of the patent at issue is clearly a question of law.  This Court can resolve the issue "without having to delve beyond the surface of the record in order to determine the facts" because it turns on interpretation of the Patent Act, 35 U.S.C. §§ 271, 284, and its jurisprudence. *Mamani*, 825 F.3d at 1312 (quotation marks omitted).

**B.    The Question Is Controlling Because Reversal Would Require Dismissal With Prejudice**

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  Here, the question of law is "controlling" because reversal of the District

Court's decision on the issue would require dismissal with prejudice. The District Court ordered dismissal without prejudice only because it held that an allegation regarding Google's declaratory judgment complaint would suffice for willfulness and the knowledge element of indirect infringement. ADD10 ("The special twist in this controversy, however, is that Google commenced its own declaratory relief claim first. Applying our ground rules set forth above, Sonos should be allowed to counterclaim along the lines set forth above."); *see also* ADD11 (adopting the same reasoning for the indirect infringement claim).

Indeed, Sonos's proposed third amended complaint confirms that, unless the declaratory judgment complaint suffices, the proper course is dismissal with prejudice because amendment would be futile. The third amended complaint adds the allegation regarding Google's declaratory judgment complaint. Dkt. 159-9 ¶¶ 55-65, 161, 194, 226. The only other relevant addition is further detail about the parties' previous patent disputes and licensing discussions regarding patents other than the patents at issue, *id.* ¶¶ 20-30, which the District Court correctly held do not suffice, ADD4, 9-10—a point Sonos does not dispute in its petition. Thus, the controlling question in this litigation is whether Google's declaratory judgment complaint suffices for Sonos to meet its pleading standard.

### C.    Clarity On This Issue Would Have Significant Precedential Value

Review should also be granted because the question presented has important

precedential value. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor" in determining whether a question is controlling). It is very common for a party to file a declaratory judgment complaint shortly before a patentee files its own complaint accusing the party of infringement. If the existence of the declaratory judgment complaint itself permits the patentee to meet the pleading standard for willful and indirect infringement, then that would be a very significant and (as discussed *infra* Part III) troubling development in the law that warrants this Court's consideration.

## III.  SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION EXIST AS TO WHETHER A DECLARATORY JUDGMENT COMPLAINT SUFFICES TO ALLEGE WILLFUL AND INDIRECT INFRINGEMENT

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.*

Here, there are very substantial grounds to disagree with the District Court's opinion that a patentee can plead willful infringement and the knowledge element of

indirect infringement merely based on the alleged infringer's filing of a declaratory judgment complaint. In support of this holding, the District Court cited only *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007). ADD8. But *Mitutoyo* does not support the District Court's conclusion, as it held allegations of a declaratory judgment for invalidity filed ***eight years*** before the patent owner's infringement action combined with a settlement agreement between the parties resolving a dispute about the same patent ***nine years*** before the patent owner's infringement action plausibly established a claim for willful infringement. And at least one district court has dismissed an indirect infringement claim for failure to show intent to infringe, despite a declaratory judgment complaint, because that complaint suggests a "reasonable, good-faith belief in noninfringement" that "can negate the specific intent required for induced infringement." *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-CV-06352-EMC, 2020 WL 1478350, at *4 (N.D. Cal. Mar. 26, 2020).

The District Court's holding not only lacks precedential support, but it also conflicts with the straight-forward meaning of willful and knowing infringement. This Court has held: "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021); *see also* ADD10 ("Like willful infringement, both forms of indirect infringement—

induced and contributory infringement—require knowledge of the patent and knowledge of infringement."). Thus, at the pleading stage, the patentee must allege facts showing both knowledge of the patent and facts supporting a plausible, reasonable inference that the alleged infringer knew it was infringing that patent.

The existence of a declaratory judgment counterclaim does nothing to plausibly allege that the alleged infringer knew it was infringing. The District Court's theory appears to be that a declaratory judgment counterclaim shows that the alleged infringer knew about and considered the relevant patent. ADD8 ("A different calculus . . . applies when the controversy is initiated by the accused infringer by way of a declaratory relief action. In that circumstance, before suit, the accused infringer has presumably already studied the patents versus the accused products and, indeed, has sufficiently studied them to assert under Rule 11 that the accused product does not infringe the specified patents . . . ."). However, regardless of whether the party knew about the patent, that does not provide support for the idea that it *also* knew it was infringing the patent.

To the contrary, the declaratory judgment complaint means that the party believes it is not infringing and has a good-faith basis for that belief. There is no logical basis to presume that an accused infringer's allegation of *non*-infringement is factual support for the exact opposite proposition. Indeed, the purpose of a willful infringement claim is to show supposedly "egregious" conduct that might warrant

enhanced damages, *see, e.g.*, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016), and it is hardly egregious for a party to file a declaratory judgment complaint to claim it is not infringing a patent and to challenge the validity of that patent. Yet under the District Court's ruling, the only supposedly egregious conduct required at the pleading stage is the declaratory judgment complaint. *See* ADD6 (noting that "once willfulness is adequately pled, the complaint need *not* go further and specify the further aggravating circumstances warranting enhanced damages").

Moreover, the District Court's approach improperly would punish parties for bringing declaratory judgment complaints to seek a determination of their rights. Such a result is contrary to the purpose of the Declaratory Judgment Act and patent policy.[6] In particular, it would substantially chill parties from filing declaratory judgment claims for fear of providing the necessary predicate for the patentee to claim willful infringement. The District Court's only response is: "Infringers should

---

[6] *See, e.g.*, *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) ("The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.") (citation omitted); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1336 n.2 (Fed. Cir. 2007) (the Declaratory Judgment Act serves "the policies underlying the patent laws by enabling a test of the validity and infringement of patents that are . . . being used only as . . . 'scarecrows.' Before the declaratory judgment provisions, competitors were 'victimized' by patent owners who engaged in 'extrajudicial patent enforcement with scare-the-customer-and-run tactics that infect[ed] the competitive environment of the business community with uncertainty and insecurity' and that rendered competitors 'helpless and immobile so long as the patent owner refused to . . . sue.") (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem*, 846 F.2d 731, 735 (1988)).

not be allowed to immunize themselves from ongoing willfulness by forcing patent owners into litigation. If this holding discourages declaratory relief actions, it will do so no more than deserved." ADD9. However, the question is not whether a declaratory judgment complaint can be used as a shield to immunize a party from a claim of willful infringement; if there are plausible allegations to support willfulness or knowledge, a patentee can raise them regardless of the declaratory judgment counterclaim. The question is whether the patentee can use a declaratory judgment counterclaim as a sword, whereby a party's denial of infringement becomes factual support for its knowledge of infringement. In short, there is no legal basis for the District Court's suggestion that "discourag[ing] declaratory relief actions" is "deserve[d]," and, at a minimum, this Court should address such a novel and substantial change in the law.

## IV.  RESOLUTION OF THIS ISSUE WOULD MATERIALLY ADVANCE THE OUTCOME OF THE LITIGATION

Finally, reversal of the District Court's decision on the impact of a declaratory judgment action would materially advance the litigation because, as discussed above, it would require dismissal with prejudice. Whether review will materially advance the termination of the litigation is closely related to the question of whether an issue of law is "controlling," such that the Court should consider the effect of a reversal on the management of the case. *E.g. Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 896 (E.D. Cal. 2010). "[T]he 'materially

advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quotation marks omitted). Sonos's petition, considered on its own, is largely pointless given the proposed amendments to Sonos's complaint. However, if Google's cross-petition is also granted, then resolution of the issues presented by both parties can materially advance the resolution of the proceedings by determining whether amendment of Sonos's willful and indirect infringement claims would be futile.

## RELIEF SOUGHT AND CONCLUSION

Google respectfully requests that, under 28 U.S.C. § 1292(b), this Court grant the cross-petition for review of the District Court's order.

Respectfully Submitted,

Dated:  April 7, 2022

By:  Charles Verhoeven
Charles Verhoeven
Melissa Baily
Lindsay Cooper
QUINN EMANUEL URQUHART & SULLIVAN
LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

David M. Cooper
QUINN EMANUEL URQUHART & SULLIVAN
LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Counsel for Defendant-Cross-Petitioner
Google LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel for Defendant-Petitioner hereby certifies that:

1.  The cross-petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because exclusive of the exempted portions it contains 5,196 words as counted by the word processing program used to prepare the brief; and

2.  The cross-petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Office Word 2013 in a proportionately spaced typeface: Times New Roman, font size 14.


Dated:  April 7, 2022                            /s/ Charles Verhoeven
                                                          Charles Verhoeven

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2022, I caused a true and correct copy of the foregoing CROSS-PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b) to be served by ECF.

/s/ Charles Verhoeven
Charles Verhoeven

**ADDENDUM**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONOS, INC.,

          Plaintiff,

    v.

GOOGLE LLC,

          Defendant.

No.  C 21-07559 WHA

**ORDER RE MOTION TO DISMISS AND CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

# INTRODUCTION

In this patent infringement action, alleged infringer moves to dismiss patent owner's enhanced damages and indirect infringement claims.  To the following extent, the motion is **GRANTED**.

# STATEMENT

This action is yet another pitched battle in the world-wide war between alleged infringer Google LLC and patent owner Sonos, Inc. regarding speaker technology.  With our parties already embroiled in litigation in this district, the ITC, Canada, France, Germany, and Holland, Sonos's counsel sent Google an email alerting that Sonos would be filing an eighty-seven-page patent infringement complaint the next day against the search giant, this time in the District Court for the Western District of Texas, Waco Division.  Within twelve hours, Google filed its own thirteen-page complaint for declaratory relief in our district.  Early the next day, Sonos

filed its Texas action as promised. *Sonos, Inc. v. Google LLC*, No. C 20-00881 ADA (W.D. Tex. filed Sept. 29, 2020) (Judge Alan D. Albright).

An order stayed Google's declaratory judgment action to allow Judge Albright to rule on Google's motion to transfer the action in Texas to our district (No. C 20-06754 WHA, "DJ Dkt." No. 36). He denied it. The Court of Appeals for the Federal Circuit, however, directed that the case come here. Both cases are now before me. This motion arises in Sonos's action, the one formerly in Texas.

Sonos's second amended complaint alleges that Google infringes five of its patents, U.S. Patent Nos. 9,344,206; 9,967,615; 10,469,966; 10,779,033; and 10,848,885. The parties recently stipulated to dismissal of the '206 patent from our action (Dkt. No. 151; DJ Dkt. No. 132). As part of its patent infringement claims, Sonos alleges direct and indirect infringement and seeks enhanced damages for alleged willful infringement.

Google now moves to dismiss Sonos's second amended complaint for failing to adequately plead willful infringement and indirect infringement as to the '966, '033, and '885 patents. It does not contest the adequacy of the allegations regarding the '615 patent. This order follows full briefing and oral argument.

## ANALYSIS

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," where facial plausibility turns on providing enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept well-pled factual allegations in the complaint as true and "construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### 1. ENHANCED DAMAGES.

The parties disagree over the proper pleading standard for enhanced damages based on willful infringement. Google asserts a patent owner must allege knowledge of the specific patent, knowledge of infringement, and egregious behavior. Sonos asserts allegations of

United States District Court
Northern District of California

2

egregiousness are not required.  This is a recurring issue in patent litigation, so this order will set forth a comprehensive treatment of the problem and then turn to its application in the instant case.

Section 284 of the Patent Act states that, in cases of infringement, "the court may increase the damages up to three times the amount found or assessed."  In its most recent decision on Section 284, the Supreme Court held that while "there is no precise rule or formula" for meting out enhanced damages, it is "generally reserved for egregious cases of culpable behavior" that has "been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016) (cleaned up).  In other words, enhanced damages constitute a "punishment [that] should generally be reserved for egregious cases typified by willful misconduct."  *Id.* at 106.

The Supreme Court thus recognized the close interrelation between enhanced damages and willfulness.  Indeed, patent plaintiffs will usually couch their requests for enhanced damages as claims for willful infringement, and defendants will then often seek to dismiss those claims at the outset.  Some district courts in response have treated willful infringement as a distinct claim that can be subject to a motion to dismiss.  *See Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 493 (D. Del. 2019) (Judge Colm F. Connolly); *Novitaz, Inc. v. inMarket Media, LLC*, 2017 WL 2311407, at *5 (N.D. Cal. May 26, 2017) (Judge Edward J. Davila).

Since *Halo*, the Court of Appeals for the Federal Circuit has explained that egregiousness is for the district judge to decide *after* the verdict:

> As the plain language of 35 U.S.C. § 284 makes clear, the issue of punishment by enhancement is for the court and not the jury. Under *Halo*, the concept of "willfulness" requires a jury to find no more than deliberate or intentional infringement. The question of enhanced damages is addressed by the court once an affirmative finding of willfulness has been made.  It is at this second stage at which the considerations of egregious behavior and punishment are relevant.  Questions of whether an accused patent infringer's conduct was "egregious behavior" or "worthy of punishment" are therefore not appropriate for jury consideration.

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citations and parentheticals omitted). So, the jury decides whether infringement was willful, and, if it was, then the district judge determines whether it was egregious enough to warrant enhanced damages, and, if so, how much (up to three times the actuals). Willfulness is thus a necessary but not necessarily sufficient predicate, for a finding of egregious misconduct and enhanced damages. *See also SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1310 (Fed. Cir. 2019).

To establish willful patent infringement, the patent owner must prove knowledge of the patent and knowledge of infringement. *First*, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). Mere knowledge of a "patent family" or the plaintiff's "patent portfolio" is not enough. *Second*, the Court of Appeals for the Federal Circuit has stated: "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021); *see also Eko Brands*, 946 F.3d at 1378 ("deliberate or intentional infringement").

But what must be *pled* at the outset? No post-*Halo* appellate authority addresses any pleading requirements for enhanced damages, or for that matter, willful infringement. With respect to willfulness, this order agrees that specific intent to infringe be pled with plausibility. This means that knowledge of the patent and knowledge of infringement must be pled with plausibility.

An important practical aspect of our patent system is encouraging the practice of pre-suit notice through a cease-and-desist letter that calls out the patent claims, the accused product, and the way it infringes the claims. This practice is encouraged in order to give the alleged infringer a meaningful opportunity to cease infringement or to get a license, all before any lawsuit commences.

*Eko Brands* reiterated that the jury must decide the question of willfulness. In general, issues go to the jury only if properly framed by the pleadings. "[T]he factual allegations that

4

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). This means that willfulness should be plausibly pled in the complaint. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372–74 (Fed. Cir. 2009); *see also MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 WL 4685306, at *2 (N.D. Cal. Oct. 7, 2021); *BillJCo, LLC v. Apple Inc.*, 2022 WL 299733, at *2 (W.D. Tex. Feb. 1, 2022) (Judge Alan D. Albright); *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *3–9 (May 29, 2018) (Judge Christopher J. Burke), *recommendation and report adopted by* 2018 WL 11013901 (D. Del. Nov. 6, 2018) (Judge Leonard P. Stark). In other words, allegations of an infringer's knowledge of the patent and of infringement must raise a plausible inference that the defendant had the specific intent to infringe. Allegations of mere direct infringement are insufficient.

Cease-and-desist letters can efficiently lead to a resolution and save vast resources. Of course, reasonable time must be allowed for the alleged infringer to evaluate the letter and to react. The shorter the timespan allowed before suit, the less it can be said the patent owner had a "good faith basis for alleging willful infringement." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds by Halo*, 579 U.S. 93; *cf. Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).

It is true that Rule 9(b) states that knowledge may be alleged generally and without the specificity required for fraud. But it still must be alleged with plausibility. Given the vast number of issued patents, it is not plausible that every manufacturer, in the absence of a notice letter, would be aware of each and every patent that might claim some feature of its products. Willful infringement is the exception, not the rule. Said another way, knowledge of the patent and knowledge of infringement are necessary, but not sufficient, for a jury to find willfulness. *Bayer*, 989 F.3d at 987–88. So a mere allegation of "knowledge" remains conclusory and insufficient.

United States District Court
Northern District of California

5

Yes, sending such a cease-and-desist letter will possibly invite a declaratory relief suit and possibly spoil the patent owner's choice of venue. Venue tactics, however, should not stand in the way of the right pleading standard.

This order recognizes there can be circumstances where willful infringement is properly alleged despite the absence of a notice letter. For example, the alleged infringer may have learned of the patent in a previous lawsuit. Or, the alleged infringer may have had a prior license, but the license ran out. *See Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017). But such circumstances showing knowledge should be alleged.

Must the further circumstances beyond willfulness that might warrant enhanced damages also be pled? District courts have split on whether a patent owner must adequately plead egregiousness as part of its willful infringement "claim" since it serves a proxy of sorts for enhanced damages.[1]

This order holds that, once willfulness is adequately pled, the complaint need *not* go further and specify the further aggravating circumstances warranting enhanced damages. *Eko Brands* emphasized that the issue of whether to award enhanced damages arises after infringement is *proven*. With the benefit of a full record the district judge is then able to determine the extent to which the infringement was egregious. It would be a rare case where the infringer disclosed the full extent of its egregious behavior in advance of litigation, such that the conduct could be fully described in the complaint. In fact, in the run of cases, the most damning information will lurk only in the files of the accused infringer and will only be discovered after litigation is underway. The full extent of egregious behavior is therefore

---

[1] *Compare Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 840 (N.D. Cal. 2021) (Judge Edward M. Chen) (must allege egregious behavior); *Finjan, Inc. v. Cisco Sys. Inc.*, 2017 WL 2462423, at *5 (N.D. Cal. 2017) (Judge Beth Labson Freeman) (same), *with Core Optical Techs., LLC v. Juniper Networks Inc.*, —— F. Supp. 3d ——, 2021 WL 4618011, at *3 (N.D. Cal. Oct. 7, 2021) (Judge Vince Chhabria) (egregiousness not required); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, —— F. Supp. 3d ——, 2021 WL 4324508, at *13–14 (D. Utah Sept. 23, 2021) (Judge David B. Barlow) (same); *Välinge*, 2018 WL 2411218, at *3–9 (same).

unknown at the pleading stage.  It would be unreasonable to expect patent plaintiffs to be in a position to plead the full extent of egregious misconduct, especially since willfulness alone will not necessarily be enough.  "[T]here are certain types of cases that will be almost impossible to bring, as all of the information necessary to state a plausible claim is owned or known by the defendants and not accessible to the plaintiffs until the discovery phase."  5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1216 (4th ed. 2021).  A patent plaintiff can, however, plead the material elements of willful infringement, simply by sending a cease-and-desist letter that explains why the accused product infringes and giving the infringer a fair chance to cease or to obtain a license. [2]

Under what circumstances can the complaint itself serve as notice of infringement?  Since *Halo*'s abrogation of *Seagate*, patentees have had more flexibility in asserting willful infringement claims for post-complaint conduct.  *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295–96 (Fed. Cir. 2017); *WCM Indus., Inc. v. IPS Corp.*, 721 Fed. App'x 959, 970 (Fed. Cir. 2018).  Google asserts that a patent infringement complaint can never supply the knowledge required for willfulness, contending further that pleadings may assert rights but cannot create rights (Reply Br. 5–6, citing *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247 (D. Del. 2021) (Judge Colm F. Connolly)).  Put differently, if there was no viable willfulness claim prior to suit then, Google asserts, the service of a patent infringement complaint cannot bootstrap its way to willfulness.

The argument the other way is that a well-pled, detailed complaint laying out a clear case of infringement could supply the knowledge (post-complaint) required for willfulness once a defendant has had a reasonable period of time to evaluate the complaint's contentions.  The traditional rule has been that damages run up to the commencement of the action unless a

---

[2] *See Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, 2016 WL 1019667, at *4 (Mar. 15, 2016) (Judge Sherry R. Fallon), *report and recommendation adopt*ed 2016 WL 1381765 (D. Del. Apr. 6, 2016) (Judge Sue L. Robinson); *Monolithic Pwr. Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1074 n.1 (N.D. Cal. 2015) (Judge Vince Chhabria); *Orlando Comms. LLC v. LG Elecs., Inc.*, 2015 WL 1246500, at *11–12 (M.D. Fla. Mar. 16, 2015) (Judge Anne C. Conway) (indirect infringement); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 500 (D. Del. 2014) (Judge Sue. L. Robinson).

United States District Court
Northern District of California

supplemental complaint for additional damages is allowed. The more modern practice, in view of the delay in getting cases to trial, has been to allow parties to update their damages studies to a date closer to trial. One might further argue that a well-pled, detailed original complaint laying out a clear case of infringement from the outset could support a willfulness verdict with regard to a time period *reasonably* after commencement of the action and before trial. *Cf. WCM*, 721 Fed. App'x at 970. Some judges agree or substantially agree; others substantially disagree.[3]

The main argument the other way is that allowing the complaint to serve as notice would circumvent the worthwhile practice to send a cease-and-desist letter before suit. Recognizing the efficacy of cease-and-desist letters, this order joins those district courts that do not generally allow the complaint to serve as notice.

A different calculus, however, applies when the controversy is initiated by the accused infringer by way of a declaratory relief action. In that circumstance, before suit, the accused infringer has presumably already studied the patents versus the accused products and, indeed, has sufficiently studied them to assert under Rule 11 that the accused product does not infringe the specified patents — regardless of whether a cease-and-desist letter or other notice has been sent. *See Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284, 1290–91 (Fed. Cir. 2007). What is more, any declaratory relief complaint must, as a way to demonstrate the need for the requested relief, acknowledge the ongoing sale of the accused product. In such a circumstance, the patent owner, by way of a counterclaim, should be allowed to plead the infringer's conceded knowledge of the patents and that the infringer has had sufficient time to analyze the accused product vis-à-vis those patents (along with other specifics needed to show willfulness). In addition, in light of the continuing need for declaratory relief, the counterclaim should be allowed to allege that the infringement is ongoing, *i.e.*, post-counterclaim

---

[3] *Compare IOENGINE, LLC v. PayPal Hldgs., Inc.*, 2019 WL 330515, at *7–8 (D. Del. Jan. 25, 2019) (Judge William C. Bryson); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 258 F. Supp. 3d 1013, 1025–27 (N.D. Cal. 2017) (Judge Lucy H. Koh); *with Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) (Judge Richard G. Andrews); *ZapFraud*, 528 F. Supp. 3d at 251–52; *CAP Co., Ltd. v. McAfee, Inc.*, 2015 WL 3945875, at *3 (N.D. Cal. June 26, 2015) (Judge James Donato).

United States District Court
Northern District of California

willfulness.  Infringers should not be allowed to immunize themselves from ongoing willfulness by forcing patent owners into litigation.  If this holding discourages declaratory relief actions, it will do so no more than deserved.

I will now apply these ground rules to the instant case, again reminding the reader that this arises in Sonos's action, the one that came from Texas.  The specifics of the instant pleading, say:

> Sonos provided a pre-filing copy of both the original complaint and this Amended Complaint to Google, thereby providing clear pre-suit notice of infringement of the patents-in-suit.  Google, however, has never given any indication that it is willing to stop infringing, and did not do so in response to receiving a draft of either the original complaint or this Amended Complaint

(Sec. Amd. Compl. ¶ 35).  It is well known in this case that Sonos gave notice of infringement less than twenty-four hours before commencing this action in Texas.  That was not enough time to provide an alleged infringer a meaningful opportunity to cease infringing or negotiate a license.  It was not even enough time for counsel for the accused infringer to parse through the complaint (here a massive, eight-seven-page pleading concerning multiple patents).  Sonos has the burden to plausibly plead adequate notice was given to assess the allegations of infringement in the complaint.  Consequently, Sonos has not plausibly alleged Google had the requisite knowledge.

The operative complaint references various correspondence Sonos sent to Google in October 2016, February 2019, and January 2020 regarding Sonos's patents (Sec. Amd. Compl. ¶¶ 20, 22, 26).  But for all of that documentation, Sonos acknowledges "this correspondence did not specifically identify the '033, '966, and '855 Patents" (Opp. 2).  Nor has Sonos adequately alleged that, due to its correspondence and their current multi-jurisdictional patent dispute, Google should have known about the pertinent patents and of infringement.  Sonos's allegations on that issue are merely rote recitations of the claim:  "Google's infringement of the '033 Patent is also willful because Google (a) had actual knowledge of the '033 Patent and Sonos's infringement contentions no later than September 28, 2020 (*see* ¶¶ 19-29 above), (b) engaged in the aforementioned activity despite an objectively high likelihood that Google's

United States District Court
Northern District of California

9

1   actions constituted infringement of the '033 Patent, and (c) this objectively-defined risk was

2   either known or so obvious that it should have been known to Google." (Sec. Amd. Compl. ¶

3   95). The allegations for the other patents mirror this allegation. All are insufficient.

4   The special twist in this controversy, however, is that Google commenced its own

5   declaratory relief claim first. Applying our ground rules set forth above, Sonos should be

6   allowed to counterclaim along the lines set forth above. That is, Sonos should be allowed to

7   plead the infringer's knowledge of the patents and that the infringer has had sufficient time to

8   analyze the accused product vis-à-vis those patents (along with other specifics needed to show

9   willfulness). Accordingly, Sonos will be allowed to make the willfulness allegations either by

10  way of a counterclaim in the declaratory relief action or by way of amendment in the Texas

11  action now that it has come to this district.

12  This order makes clear, however, that even under the strictest of pleading standards, and

13  even if all its willfulness claims were struck, Sonos would be entitled to pursue in discovery

14  issues concerning Google's pre-suit knowledge of the specific patents-in-suit and of

15  infringement. In the event that evidence in discovery showed that Google had been aware

16  (prior to suit) of the specific patents and of their infringement, Sonos would then be allowed to

17  move for leave to amend to reassert its willful infringement allegations. This supplemental

18  observation seems necessary because this entire motion was evidently made to set up the

19  argument that discovery into willfulness would be off limits.

20  In short, although not required to plead egregiousness, Sonos has failed to adequately

21  allege willful infringement, the predicate for enhanced damages. It will be allowed to amend

22  to try again.

23  **2.    INDIRECT INFRINGEMENT.**

24  The foregoing ground rules concerning the adequate pleading of willful infringement and

25  enhanced damages apply with parallel force to the parallel issues for indirect infringement.

26  Like willful infringement, both forms of indirect infringement — induced and

27  contributory infringement — require knowledge of the patent and knowledge of infringement.

28  In addition, to state a claim for induced infringement under Section 271(b) of the Patent Act,

United States District Court
Northern District of California

10

1    the patent owner must also sufficiently allege the accused infringer's specific intent to

2    encourage another's infringement of the patent.  For contributory infringement under Section

3    271(c), the patentee must further adequately allege that the accused product is not a staple

4    article or commodity of commerce suitable for a substantial noninfringing use.  *See Bio-Rad*

5    *Labs., Inc. v. ITC*, 998 F.3d 1320, 1335 (Fed. Cir. 2021).

6         The district court split on whether a pleading can serve as the basis for knowledge of a

7    patent as well as infringement extends to indirect infringement as well.  On the one hand,

8    district courts have held:  "A complaint is a perfectly adequate notice to defendants for indirect

9    infringement claims for post-filing conduct."  *CAP*, 2015 WL 3945875, at *5.  Other district

10   courts have reasoned:  "The purpose of a complaint is to obtain relief from an existing claim

11   and not to create a claim."  *ZapFraud*, 528 F. Supp. 3d at 251–52.  Falling in between, some

12   district court judges that have not permitted knowledge arising from a pleading to suffice for a

13   willful infringement claim have gone the other way for indirect infringement:  "[I]f the plaintiff

14   were not permitted to amend a complaint [to allege knowledge since the filing of the original

15   complaint], it would be the equivalent of saying that the plaintiff's failure to give notice of the

16   patents outside of litigation operated as a bar to bringing a suit for indirect infringement."

17   *Wrinkl*, 2021 WL 4477022, at *7.

18        Everything discussed above for willfulness applies here.  This means that without a

19   notice letter or circumstances like the examples described previously, the complaint will

20   generally not be adequate to serve as notice for either willful or indirect infringement.

21        Turning to the operative pleading here, Sonos proceeds on the theory that provision of a

22   massive, pre-filing copy of the complaint one day prior to filing it in Texas was adequate to

23   provide knowledge.  Sonos has failed to sufficiently allege knowledge of the patent and

24   knowledge of infringement.

25        Additionally, for contributory infringement, Google asserts that Sonos does not

26   adequately plead the requisite lack of substantial noninfringing uses.  "For purposes of

27   contributory infringement, the inquiry [on substantial noninfringing use] focuses on whether

28   the accused products can be used for purposes *other than* infringement."  *In re Bill of Lading*

United States District Court
Northern District of California

*Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (emphasis in original).   Sonos's allegations of substantial noninfringing uses assert:

> For instance, at a minimum, Google offers for sale, sells, and/or imports the YouTube Music, Google Play Music, and YouTube apps for installation on devices (*e.g.*, smartphones, tablets, and computers) that meet one or more claims of the '033 Patent. . . . Further, Google especially made and/or adapted these apps for installation and use on devices that meet the one or more claims of the '033 Patent, and these apps are not a staple article of commerce suitable for substantial noninfringing use

(Sec. Amd. Compl. ¶ 94).   The allegations for the other two patents are similar (*id.* ¶¶ 119, 132).   Sonos's allegations that the accused products (*e.g.*, the YouTube app) cannot be used for purposes other than infringement is conclusory.   There are no factual underpinnings of Sonos's allegations on this point.   The operative pleading, in fact, describes Google as adding infringing "features" to its products like the YouTube app (*id.* ¶ 16).

Google cannot escape liability merely be embedding Sonos's patents into a larger app with some additional, separable features.   *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008).   To that end, when determining whether there are substantial noninfringing uses, the district court must consider "whether the infringing component is 'separate and distinct' from other functions of the composite product."   *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 Fed. App'x 504, 524 (Fed. Cir. 2016) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010)) (internal quotation marks omitted).   The Court of Appeals for the Federal Circuit has "been fairly liberal" on this point.   *Ibid.*

Sonos's problem is that its allegations speak to the apps generally, and not any specific component part.   Sonos cites *Firstface Co., Ltd. v. Apple, Inc.*, 2019 WL 1102374, at *1–2 (N.D. Cal. Mar. 8, 2019) (Judge James Donato).   *Firstface* is instructive.   There, the patent owner alleged that the home button and fingerprint features on iPhones and iPads were not staple articles of commerce suitable for substantial noninfringing uses.   Unlike here, the patent owner in *FirstFace* focused on the component features.   It did not assert that the iPhone itself or the iOS operating system itself had no substantial noninfringing uses.   Without more, Sonos

has failed to properly allege there are no substantial noninfringing uses for the accused products. Its contributory infringement claim consequently fails.

## CONCLUSION

Google's motion is **GRANTED** as to Sonos's willful infringement and indirect infringement claims, which are **DISMISSED WITHOUT PREJUDICE**.

Sonos may move for leave to amend its complaint. Any such motion must include as an exhibit a redlined version of the proposed amendment that clearly identifies all changes from the amended complaint. This order highlighted certain deficiencies in the amended complaint, but it will not necessarily be enough to add sentences parroting each missing item identified herein. If Sonos moves for leave to file another amended complaint, it should be sure to plead its best case and take into account all criticisms made by Google, including those not reached by this order.

## CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Recognizing that reasonable minds may differ as to the ground rules set forth above for pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and recognizing the vast amount of resources being consumed in the district courts over such pleading issues, this order now certifies those issues for interlocutory appeal under 28 U.S.C. § 1292(b). This order finds that these are controlling questions of law as to which there is substantial ground for difference of opinion and that their resolution by the court of appeals will materially advance the litigation.

**IT IS SO ORDERED.**

Dated: March 16, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

ADRMOP,RELATE

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:21−cv−07559−WHA

Sonos, Inc. v. Google LLC
Assigned to: Judge William Alsup
 Relate Case Case:  3:20−cv−06754−WHA
 Case in other court:  Texas Western, 6:20−cv−00881
Cause: 35:271 Patent Infringement

Date Filed: 09/28/2021
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Sonos, Inc.**        represented by    **Cole B. Richter**
Lee Sullivan Shea & Smith LLP
656 W Randolph Street, Sie 5w
Chicago, IL 60661
(312) 754−0002
Fax: (312) 754−0003
Email: richter@ls3ip.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David R Grosby**
Lee Sullivan Shea and Smith LLP
656 West Randolph Street
Ste 5W
Chicago, IL 60661
United Sta
312−754−9423
Email: grosby@ls3ip.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jae Y. Pak**
Lee Sullivan Shea & Smith LLP
656 W Randolph Street, Floor 5W
Chicago, IL 60661
(312) 754−0002
Fax: (312) 754−0003
Email: pak@ls3ip.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristina DiBenedetto McKenna**
Orrick Herrington Sutcliffe LLP
222 Berkeley St, Ste. 2000
Boston, MA 02116
United Sta
617−880−2214
Fax: 617−880−1801
Email: kmckenna@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew J. Sampson , I**
Lee Sullivan Shea & Smith LLP
656 W. Randolph Street
Ste Floor 5w
Chicago, IL 60661
312−754−9602

Email: sampson@ls3ip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Boyea**
Lee Sullivan Shea & Smith LLP
656 W Randolph St
Ste 5w
Chicago, IL 60661
312–754–9618
Email: boyea@ls3ip.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alyssa Caridis**
Orrick Herrinton & Sutcliffe Llp
777 South Figueroa St., Suite 3200
Los Angeles, CA 90017
213.612.2372
Fax: 213.612.2499
Email: acaridis@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alyssa M. Caridis**
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
213–612–2372
Fax: 213–612–2499
Email: acaridis@orrick.com
*ATTORNEY TO BE NOTICED*

**Bas de Blank**
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94205
(650) 614–7400
Fax: (650) 614–7401
Email: basdeblank@orrick.com
*ATTORNEY TO BE NOTICED*

**Clement S. Roberts**
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105–2669
415–773–5700
Fax: 415–773–5759
Email: croberts@orrick.com
*ATTORNEY TO BE NOTICED*

**Clement Seth Roberts**
Durie Tangri LLP
217 Leidesdorff Street
San Francsico, CA 94111
425–362–6666
Fax: 415–236–6300
Email: CRoberts@durietangri.com
*ATTORNEY TO BE NOTICED*

**Cole Bradley Richter**
Lee Sullivan Shea Smith LLP
656 W Randolph Street, Floor 5W

Chicago, IL 60661
(312) 754–0002
Email: richter@ls3ip.com
*ATTORNEY TO BE NOTICED*

**Evan David Brewer**
Orrick, Herrington & Sutcliffe LLP
701 5th Avenue
Suite 5600
Seattle, WA 98104–7097
206–839–4300
Email: ebrewer@orrick.com
*ATTORNEY TO BE NOTICED*

**George I. Lee**
Lee Sullivan Shea & Smith LLP
656 W Randolph
Flr 5w
Chicago, IL 60661
312–754–0002
Email: lee@ls3ip.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Dan Smith , III**
Lee Sullivan Shea & Smith LLP
656 W Randolph St
Ste Floor 5w
Chicago, IL 60661
312–754–9602
Fax: 312–754–9603
Email: smith@ls3ip.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark D. Siegmund**
Law Firm of Walt Fair, PLLC
1508 North Valley Mills Drive
Waco, TX 76710
254–772–6400
Fax: 254–772–6432
Email: mark@waltfairpllc.com
*ATTORNEY TO BE NOTICED*

**Rory Patrick Shea**
Lee Sullivan Shea & Smith LLP
656 W. Randolph St.
Ste Floor 5w
Chicago, IL 60661
312–754–9602
Email: shea@ls3ip.com
*ATTORNEY TO BE NOTICED*

**Sean M. Sullivan**
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
3103158211
Fax: 3103158210
Email: ssullivan@mcguirewoods.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Lance Johnson**
Orrick, Herrington & Sutcliffe LLP

1301 McKinney, Suite 4100
Houston, TX 77010
713–658–6450
Fax: 713–658–6401
Email: jj@orrick.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Google LLC**                                    represented by    **Charles K. Verhoeven**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415–875–6600
Fax: 415–875–6700
Email: charlesverhoeven@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan R. Jaffe**
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875–6600
Fax: (415) 875–6700
Email: jordanjaffe@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lindsay M. Cooper**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415–875–6600
Fax: 415–875–6700
Email: lindsaycooper@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa J Baily**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St.
22nd Floor
San Francisco, CA 94111
415–875–6600
Fax: 415–875–6700
Email: melissabaily@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paige Arnette Amstutz**
Scott, Douglass & McConnico, LLP
303 Colorado Street
Suite 2400
Austin, TX 78701
(512) 495–6300
Fax: 512–495–6399
Email: pamstutz@scottdoug.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne–Raphaelle Aubry**
Quinn Emanuel Urquhart & Sullivan
111 Huntington Ave Suite 520
Boston, MA 02199
617–712–7109
Email: anneraphaelleaubry@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles Kramer Verhoeven**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, Ca 94111
415–875–6600
Email: charlesverhoeven@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Jocelyn Ma**
Quinn Emanuel
50 California Street
22nd Floor
San Francisco, CA 94111
415–875–6600
Fax: 415–875–6700
Email: jocelynma@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Lana Robins**
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street
22nd Floor
San Francisco, CA 94111
415–875–6345
Email: lanarobins@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Lindsay Cooper**
Quinn Emanuel
50 California
San Francisco, CA 94111
415–875–6449
Email: lindsaycooper@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Marc L. Kaplan**
Quinn Emanuel Urquhart & Sullivan LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705–7400
Fax: (312) 705–7401
Email: marckaplan@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nima Hefazi**
Quinn, Emanuel, Urquhart & Sullivan, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
213) 443–3879
Fax: 213)443–3100
Email: nimahefazi@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Counter–claimant**

**Google LLC**                              represented by   **Charles K. Verhoeven**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Kramer Verhoeven**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jordan R. Jaffe**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lindsay M. Cooper**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Melissa J Baily**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Paige Arnette Amstutz**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Anne–Raphaelle Aubry**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jocelyn Ma**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lana Robins**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lindsay Cooper**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Marc L. Kaplan**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Nima Hefazi**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**<u>Counter–defendant</u>**

**Sonos, Inc.**                             represented by   **Cole B. Richter**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David R Grosby**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jae Y. Pak**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristina DiBenedetto McKenna**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew J. Sampson , I**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael P. Boyea**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alyssa Caridis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bas de Blank**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Clement Seth Roberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Evan David Brewer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**George I. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Dan Smith , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark D. Siegmund**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rory Patrick Shea**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean M. Sullivan**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2020 | 15 | Standing Order Regarding Notice of Readiness in Patent Cases (Entered: 10/05/2020) |
| 09/29/2020 | 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542–14014950), filed by Sonos, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Civil Cover Sheet)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 2 | REQUEST FOR ISSUANCE OF SUMMONS by Sonos, Inc.. (Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 3 | RULE 7 DISCLOSURE STATEMENT filed by Sonos, Inc.. (Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (am) (Entered: 09/29/2020) |
| 09/29/2020 | 4 | Pursuant to the Standing Order Regarding Patent/Trademark Cases effective 12/9/19, Attorneys filing Patent/Trademark cases in TXWD Waco division must prepare the attached form AO120 and e–file using the "Notice of Filing of Patent/Trademark Form" event upon opening of the case. (am) (Entered: 09/29/2020) |
| 09/29/2020 | 5 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 6 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(Clement Seth Roberts)* ( Filing fee $ 100 receipt number 0542–14015452) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 7 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(Bas de Blank)* ( Filing fee $ 100 receipt number 0542–14015521) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 8 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(Alyssa Caridis)* ( Filing fee $ 100 receipt number 0542–14015605) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 9 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(George I. Lee)* ( Filing fee $ 100 receipt number 0542–14015642) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 10 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(Sean M. Sullivan)* ( Filing fee $ 100 receipt number 0542–14015688) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |
| 09/29/2020 | 11 | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *(John D. Smith III)* ( Filing fee $ 100 receipt number 0542–14015767) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 09/29/2020) |

| 09/29/2020 | 12 | Summons Issued as to Google LLC. (am) (Entered: 09/29/2020) |
|---|---|---|
| 09/29/2020 | 13 | SUMMONS Returned Executed by Sonos, Inc.. Google LLC served on 9/29/2020, answer due 10/20/2020. (Johnson, Jeffrey) (Entered: 09/29/2020) |
| 10/01/2020 | 14 | MOTION to Appear Pro Hac Vice (Receipt #0542–14015727) by Jeffrey Lance Johnson *(Rory Shea)* by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Johnson, Jeffrey) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING 6 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING 7 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING 8 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING 9 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |

| | | |
|---|---|---|
| 10/01/2020 | | Text Order GRANTING <u>10</u> Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING <u>11</u> Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/01/2020 | | Text Order GRANTING <u>14</u> Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT–1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/01/2020) |
| 10/14/2020 | <u>16</u> | Unopposed MOTION for Extension of Time to File Answer re <u>1</u> Complaint,,, by Google LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 10/14/2020) |
| 10/19/2020 | | Text Order GRANTING <u>16</u> Motion for Extension of Time to Answer entered by Judge Alan D Albright. Came on for consideration is Defendant's Motion. Noting that it is unopposed, the Court GRANTS the Motion. Defendant shall have up to and including November 19, 2020 to answer or otherwise respond to Plaintiff's Complaint. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 10/19/2020) |
| 10/19/2020 | | Reset Deadlines: Google LLC answer due 11/19/2020. (am) (Entered: 10/19/2020) |
| 11/19/2020 | <u>17</u> | RULE 7 DISCLOSURE STATEMENT filed by Google LLC. (Amstutz, Paige) (Entered: 11/19/2020) |
| 11/19/2020 | <u>18</u> | MOTION to Appear Pro Hac Vice by Paige Arnette Amstutz *for Charles K. Verhoeven* ( Filing fee $ 100 receipt number 0542–14199446) by on behalf of Google LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 11/19/2020) |
| 11/19/2020 | <u>19</u> | MOTION to Appear Pro Hac Vice by Paige Arnette Amstutz *for Jordan R. Jaffe* ( Filing fee $ 100 receipt number 0542–14199465) by on behalf of Google LLC. (Attachments: # <u>1</u> Proposed Order)(Amstutz, Paige) (Entered: 11/19/2020) |

| | | |
|---|---|---|
| 11/19/2020 | 20 | MOTION to Appear Pro Hac Vice by Paige Arnette Amstutz *for Lindsay M. Cooper* ( Filing fee $ 100 receipt number 0542–14199474) by on behalf of Google LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 11/19/2020) |
| 11/19/2020 | 21 | MOTION to Appear Pro Hac Vice by Paige Arnette Amstutz *for Melissa J. Baily* ( Filing fee $ 100 receipt number 0542–14199508) by on behalf of Google LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 11/19/2020) |
| 11/19/2020 | | Text Order GRANTING 18 Motion to Appear Pro Hac Vice for Attorney Charles K. Verhoeven for Google LLC. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 11/19/2020) |
| 11/19/2020 | 22 | MOTION to Dismiss *Google LLC's Rule 12(B)(3) Motion to Stay or Dismiss Pursuant to the First–to–File Rule* by Google LLC. (Attachments: # 1 Affidavit Declaration of D. Friedland, # 2 Affidavit Declaration of J. Judah, # 3 Affidavit Declaration of L. Cooper, # 4 Exhibit 1 to Decl. of L. Cooper, # 5 Exhibit 2 to Decl. of L. Cooper, # 6 Exhibit 3 to Decl. of L. Cooper, # 7 Exhibit 4 to Decl. of L. Cooper, # 8 Exhibit 5 to Decl. of L. Cooper, # 9 Exhibit 6 to Decl. of L. Cooper, # 10 Exhibit 7 to Decl. of L. Cooper, # 11 Exhibit 8 to Decl. of L. Cooper, # 12 Exhibit 9 to Decl. of L. Cooper, # 13 Exhibit 10 to Decl. of L. Cooper, # 14 Exhibit 11 to Decl. of L. Cooper, # 15 Exhibit 12 to Decl. of L. Cooper, # 16 Exhibit 13 to Decl. of L. Cooper, # 17 Exhibit 14 to Decl. of L. Cooper, # 18 Exhibit 15 to Decl. of L. Cooper, # 19 Exhibit 16 to Decl. of L. Cooper, # 20 Exhibit 17 to Decl. of L. Cooper, # 21 Exhibit 18 to Decl. of L. Cooper, # 22 Exhibit 19 to Decl. of L. Cooper, # 23 Exhibit 20 to Decl. of L. Cooper, # 24 Exhibit 21 to Decl. of L. Cooper, # 25 Exhibit 22 to Decl. of L. Cooper, # 26 Exhibit 23 to Decl. of L. Cooper, # 27 Exhibit 24 to Decl. of L. Cooper, # 28 Exhibit 25 to Decl. of L. Cooper, # 29 Exhibit 26 to Decl. of L. Cooper, # 30 Exhibit 27 to Decl. of L. Cooper)(Amstutz, Paige) Modified on 9/23/2021 (ir). (Entered: 11/19/2020) |
| 11/19/2020 | 23 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Proposed Order) (Amstutz, Paige) (Entered: 11/19/2020) |
| 11/19/2020 | | Text Order GRANTING 19 Motion to Appear Pro Hac Vice for Attorney Jordan R. Jaffe for Google LLC. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 11/19/2020) |
| 11/19/2020 | | Text Order GRANTING 20 Motion to Appear Pro Hac Vice for Attorney Lindsay M. Cooper for Google LLC. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a |

| | | |
|---|---|---|
| | | text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 11/19/2020) |
| 11/19/2020 | | Text Order GRANTING 21 Motion to Appear Pro Hac Vice for Attorney Melissa J. Baily for Google LLC. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 11/19/2020) |
| 11/25/2020 | 24 | NOTICE of Attorney Appearance by Mark D. Siegmund on behalf of Sonos, Inc.. Attorney Mark D. Siegmund added to party Sonos, Inc.(pty:pla) (Siegmund, Mark) (Entered: 11/25/2020) |
| 11/30/2020 | 25 | STATUS REPORT *Case Readiness Status Report* by Sonos, Inc.. (Attachments: # 1 Exhibit A – NDCA Order on Motion to Dismiss, # 2 Exhibit B – Transcript of Telephonic Proceedings)(Siegmund, Mark) (Entered: 11/30/2020) |
| 12/03/2020 | 26 | Response in Opposition to Motion, filed by Sonos, Inc., re 22 MOTION to Dismiss *Google LLC's Rule 12(B)(3) Motion to Stay or Dismiss Pursuant to the First–to–File Rule* filed by Defendant Google LLC (Attachments: # 1 Declaration of Mark D. Siegmund, # 2 Exhibit A – Email Chain Between Sonos and Google Counsel, # 3 Exhibit B – Judge Alsup's Order)(Siegmund, Mark) (Entered: 12/03/2020) |
| 12/10/2020 | 27 | RESPONSE in Support, filed by Google LLC, re 22 MOTION to Dismiss *Google LLC's Rule 12(B)(3) Motion to Stay or Dismiss Pursuant to the First–to–File Rule* filed by Defendant Google LLC (Attachments: # 1 Affidavit Declaration of Lindsay Cooper, # 2 Exhibit Ex. 1 to Decl. of Lindsay Cooper)(Amstutz, Paige) (Entered: 12/10/2020) |
| 12/12/2020 | 28 | NOTICE *OF COMPLIANCE REGARDING SERVICE OF PRELIMINARY INFRINGEMENT CONTENTIONS* by Sonos, Inc. (Siegmund, Mark) (Entered: 12/12/2020) |
| 12/14/2020 | | Text Order GRANTING 23 Motion for Leave to File Sealed Document entered by Judge Alan D Albright. The Motion is GRANTED, and the Clerk 's Office is directed to file the attached documents under seal. If it has not already done so, Google is ordered to file a redacted version of the sealed civil document within 7 days after the filing of this order.(This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 12/14/2020) |
| 12/15/2020 | 29 | Google LLC's Rule 12(B)(3) Motion to Stay or Dismiss Pursuant to the First–to File Rule (Attachments: # 1 Declaration of James Judah, # 2 Declaration of Daniel S. Friedland, # 3 Exhibit 4, # 4 Exhibit 7, # 5 Exhibit 8) (am) Modified on 9/22/2021 (ir). (Entered: 12/15/2020) |
| 12/18/2020 | 30 | Joint MOTION *to Enter Scheduling Order* by Sonos, Inc.. (Attachments: # 1 Exhibit A)(Siegmund, Mark) (Entered: 12/18/2020) |
| 01/05/2021 | 31 | SCHEDULING ORDER: Markman Hearing set for 6/4/2021 09:00 AM before Judge Alan D Albright, Joinder of Parties due by 7/16/2021, Amended Pleadings due by 9/24/2021, Motions due by 3/11/2022,Pretrial Conference set for 5/13/2022 before Judge Alan D Albright, Jury Selection and Trial set for 6/6/2022 before Judge Alan D Albright. Signed by Judge Alan D Albright. (lad) (Entered: 01/05/2021) |
| 01/08/2021 | 32 | ANSWER to 1 Complaint,,, with Jury Demand , COUNTERCLAIM against Sonos, Inc. by Google LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (sealed))(Verhoeven, Charles) (Entered: 01/08/2021) |
| 01/08/2021 | 33 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order) (Verhoeven, Charles) (Entered: 01/08/2021) |

| | | |
|---|---|---|
| 01/08/2021 | <u>34</u> | MOTION to Transfer Case *to the Northern District of California* by Google LLC. (Attachments: # <u>1</u> Affidavit Declaration of Daniel Friedland, # <u>2</u> Affidavit Declaration of James Judah, # <u>3</u> Affidavit Declaration of Lindsay Cooper, # <u>4</u> Exhibit 1 to Decl. of Lindsay Cooper (sealed), # <u>5</u> Exhibit 2 to Decl. of Lindsay Cooper (sealed), # <u>6</u> Exhibit 3 to Decl. of Lindsay Cooper (sealed), # <u>7</u> Exhibit 4 to Decl. of Lindsay Cooper, # <u>8</u> Exhibit 5 to Decl. of Lindsay Cooper, # <u>9</u> Exhibit 6 to Decl. of Lindsay Cooper, # <u>10</u> Exhibit 7 to Decl. of Lindsay Cooper (sealed), # <u>11</u> Exhibit 8 to Decl. of Lindsay Cooper (sealed), # <u>12</u> Exhibit 9 to Decl. of Lindsay Cooper (sealed), # <u>13</u> Exhibit 10 to Decl. of Lindsay Cooper (sealed), # <u>14</u> Exhibit 11 to Decl. of Lindsay Cooper, # <u>15</u> Exhibit 12 to Decl. of Lindsay Cooper, # <u>16</u> Exhibit 13 to Decl. of Lindsay Cooper, # <u>17</u> Exhibit 14 to Decl. of Lindsay Cooper, # <u>18</u> Exhibit 15 to Decl. of Lindsay Cooper, # <u>19</u> Exhibit 16 to Decl. of Lindsay Cooper, # <u>20</u> Exhibit 17 to Decl. of Lindsay Cooper, # <u>21</u> Exhibit 18 to Decl. of Lindsay Cooper, # <u>22</u> Exhibit 19 to Decl. of Lindsay Cooper, # <u>23</u> Exhibit 20 to Decl. of Lindsay Cooper, # <u>24</u> Exhibit 21 to Decl. of Lindsay Cooper, # <u>25</u> Exhibit 22 to Decl. of Lindsay Cooper, # <u>26</u> Exhibit 23 to Decl. of Lindsay Cooper, # <u>27</u> Exhibit 24 to Decl. of Lindsay Cooper, # <u>28</u> Exhibit 25 to Decl. of Lindsay Cooper, # <u>29</u> Exhibit 26 to Decl. of Lindsay Cooper, # <u>30</u> Exhibit 27 to Decl. of Lindsay Cooper, # <u>31</u> Exhibit 28 to Decl. of Lindsay Cooper, # <u>32</u> Exhibit 29 to Decl. of Lindsay Cooper, # <u>33</u> Exhibit 30 to Decl. of Lindsay Cooper, # <u>34</u> Exhibit 31 to Decl. of Lindsay Cooper, # <u>35</u> Exhibit 32 to Decl. of Lindsay Cooper, # <u>36</u> Proposed Order)(Verhoeven, Charles) Modified on 9/22/2021 (ir). (Entered: 01/08/2021) |
| 01/08/2021 | <u>35</u> | Unopposed Motion for leave to File Sealed Document (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J, # <u>11</u> Proposed Order) (Verhoeven, Charles) (Entered: 01/08/2021) |
| 01/14/2021 | | Text Order GRANTING <u>33</u> Motion for Leave to File Sealed Document entered by Judge Alan D Albright. The Motion is GRANTED, and the Clerk 's Office is directed to file the attached documents under seal.(This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 01/14/2021) |
| 01/14/2021 | | Text Order GRANTING <u>35</u> Motion for Leave to File Sealed Document entered by Judge Alan D Albright. The Motion is GRANTED, and the Clerk 's Office is directed to file the attached documents under seal. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 01/14/2021) |
| 01/14/2021 | <u>36</u> | Sealed Document filed: Unredacted copy of <u>32</u> Answer and (Attachments: # <u>1</u> Exhibit B) (lad) (Entered: 01/14/2021) |
| 01/14/2021 | <u>37</u> | Sealed Motion filed: GOOGLE LLCS MOTION TO TRANSFER (Attachments: # <u>1</u> Declaration in Support, # <u>2</u> Declaration in Support, # <u>3</u> Exhibit 1, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 7, # <u>7</u> Exhibit 8, # <u>8</u> Exhibit, # <u>9</u> Exhibit) (lad) (Entered: 01/14/2021) |
| 01/14/2021 | <u>38</u> | SCHEDULING ORDER: Motions due by 3/11/2022 Joinder of Parties due by 7/16/2021. Amended Pleadings due by 9/24/2021. Markman Hearing set for 6/4/2021 09:00 AM before Judge Alan D Albright. Pretrial Conference set for 5/13/2022 before Judge Alan D Albright. Jury Selection and Jury Trial set for 6/6/2022 09:00 AM before Judge Alan D Albright..Motions terminated: <u>30</u> Joint MOTION *to Enter Scheduling Order* filed by Sonos, Inc.. Signed by Judge Alan D Albright. (am) (Entered: 01/14/2021) |
| 01/14/2021 | <u>39</u> | MOTION for Leave to File TO AMEND OR SUPPLEMENT COMPLAINT by Sonos, Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Proposed Order)(Caridis, Alyssa) (Entered: 01/14/2021) |
| 01/21/2021 | <u>40</u> | RESPONSE to Motion, filed by Google LLC, re <u>39</u> MOTION for Leave to File TO AMEND OR SUPPLEMENT COMPLAINT filed by Plaintiff Sonos, Inc. (Attachments: # <u>1</u> Affidavit Declaration of Lindsay Cooper, # <u>2</u> Exhibit 1 to Cooper Decl., # <u>3</u> Exhibit 2 to Cooper Decl., # <u>4</u> Proposed Order)(Verhoeven, Charles) (Entered: 01/21/2021) |
| 01/27/2021 | <u>41</u> | RESPONSE in Support, filed by Sonos, Inc., re <u>39</u> MOTION for Leave to File TO AMEND OR SUPPLEMENT COMPLAINT filed by Plaintiff Sonos, Inc. (Siegmund, Mark) (Entered: 01/27/2021) |

| | | |
|---|---|---|
| 01/27/2021 | 42 | MOTION to Stay *Proceedings Pending Resolution of Google's Motion To Transfer, Or in the Alternative, Motion To Modify The Case Schedule* by Google LLC. (Attachments: # 1 Affidavit Declaration of Lindsay Cooper, # 2 Exhibit 1 to Cooper Decl., # 3 Exhibit 2 to Cooper Decl., # 4 Proposed Order)(Verhoeven, Charles) Modified on 9/22/2021 (ir). (Entered: 01/27/2021) |
| 01/28/2021 | 43 | ORDER Setting Zoom Discovery Hearing for 1/29/2021 03:30 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (bot1) (Entered: 01/28/2021) |
| 01/29/2021 | 44 | *SONOS, INC.S* ANSWER to 32 Answer to Complaint, Counterclaim *TO GOOGLE LLCS COUNTERCLAIMS* by Sonos, Inc..(Caridis, Alyssa) (Entered: 01/29/2021) |
| 01/29/2021 | 45 | Minute Entry for proceedings held before Judge Alan D Albright: Discovery Hearing held on 1/29/2021. Case called for Discovery Hearing. Parties announce ready. Plaintiff argues their (dkt #39) Motion for Leave to Amend or Supplement the Complaint to add the 885 patent which are of the same family of the already existing 206 and 966 patent. Google agrees as long as they can extend all deadlines by 8 weeks, but plaintiff does not agree to that stipulation. The court announces that the Motion will be Granted; the Markman will be moved from June 4, 2021 to July 1, 2021 (time yet unset); all dates are shifted accordingly. It is the courts intent to address Defendants SEALED (dkt #37) motion before the Markman hearing and requests that Google notify the court once the motion is ripe. Plaintiff announces to the court their intention to drop the 406 patent from the suit and will be filing a pleading with the court in short order. Written Order forthcoming. Hearing concluded (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(am) Modified on 2/1/2021 (am). (Entered: 02/01/2021) |
| 02/08/2021 | 46 | Transcript filed of Proceedings held on 1−29−21, Proceedings Transcribed: Discovery Hearing (Zoom). Court Reporter/Transcriber: Kristie Davis, Telephone number: 254−340−6114. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 3/1/2021, Redacted Transcript Deadline set for 3/11/2021, Release of Transcript Restriction set for 5/10/2021, (kd) (Entered: 02/08/2021) |
| 02/10/2021 | 47 | Joint MOTION *to Enter Amended Scheduling Order* by Google LLC. (Attachments: # 1 Exhibit A)(Verhoeven, Charles) (Entered: 02/10/2021) |
| 02/11/2021 | 48 | SCHEDULING ORDER: Markman Hearing set for 7/1/2021 09:00 AM before Judge Alan D Albright. Joinder of Parties due by 8/13/2021. Amended Pleadings due by 10/22/2021. Motions due by 4/8/2022. Pretrial Conference set for 6/1/2022 09:00 AM before Judge Alan D Albright. Jury Selection and Jury Trial set for 6/6/2022 09:00 AM before Judge Alan D Albright. Motions terminated: 47 Joint MOTION *to Enter Amended Scheduling Order* filed by Google LLC. Signed by Judge Alan D Albright. (am) (Entered: 02/11/2021) |
| 02/12/2021 | | Text Order GRANTING 39 Motion for Leave to File entered by Judge Alan D Albright. Came on for consideration is Plaintiff's Motion. On January 29, 2021, the Court held a hearing and GRANTED this Motion. Therefore, the Clerk's office is directed to file the attached Amended Complaint and exhibits. (This is a text−only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 02/12/2021) |
| 02/12/2021 | 52 | Standing Order Regarding Filing Documents Under Seal and Redacted Pleadings in Patent Cases. Signed by Judge Alan D Albright. as of 2/12/2021. (bot1) (Entered: 02/24/2021) |
| 02/17/2021 | 49 | AMENDED COMPLAINT against Google LLC filed by Sonos, Inc.. (Attachments: # 1 Exhibit Supplemental Preliminary Infringement Contentions and Identification of Priority Dates)(am) (Additional attachment(s) added on 2/17/2021: # 2 Exhibit) (am). (Entered: 02/17/2021) |
| 02/18/2021 | 50 | Unopposed MOTION for Leave to File SECOND AMENDED COMPLAINT by Sonos, Inc.. (Attachments: # 1 Proposed Order, # 2 Second Amended Complaint, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 |

| | | |
|---|---|---|
| | | Exhibit 7, # <u>10</u> Exhibit 8, # <u>11</u> Exhibit 9, # <u>12</u> Exhibit 10, # <u>13</u> Exhibit 11, # <u>14</u> Exhibit 12, # <u>15</u> Exhibit 13, # <u>16</u> Exhibit 14, # <u>17</u> Exhibit 15, # <u>18</u> Exhibit 16, # <u>19</u> Exhibit 17, # <u>20</u> Exhibit 18, # <u>21</u> Exhibit 19, # <u>22</u> Exhibit 20, # <u>23</u> Exhibit 21, # <u>24</u> Exhibit 22, # <u>25</u> Exhibit 23, # <u>26</u> Exhibit 24, # <u>27</u> Exhibit 25, # <u>28</u> Exhibit 26, # <u>29</u> Exhibit 27, # <u>30</u> Exhibit 28, # <u>31</u> Exhibit 29, # <u>32</u> Exhibit 30, # <u>33</u> Exhibit 31, # <u>34</u> Exhibit 32, # <u>35</u> Exhibit 33, # <u>36</u> Exhibit 34, # <u>37</u> Exhibit 35, # <u>38</u> Exhibit 36, # <u>39</u> Exhibit 37, # <u>40</u> Exhibit 38, # <u>41</u> Exhibit 39, # <u>42</u> Exhibit 40, # <u>43</u> Exhibit 41, # <u>44</u> Exhibit 42, # <u>45</u> Exhibit 43, # <u>46</u> Exhibit 44, # <u>47</u> Exhibit 45)(Caridis, Alyssa) (Entered: 02/18/2021) |
| 02/23/2021 | | Text Order GRANTING <u>50</u> Motion for Leave to File entered by Judge Alan D Albright. Before the Court is Plaintiff's Motion for Leave to File its Second Amended Complaint. Noting that the Motion is unopposed, the Court GRANTS the Motion. Accordingly, Plaintiff's Second Amended Complaint is hereby accepted for filing and entered into the record.(This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 02/23/2021) |
| 02/23/2021 | <u>51</u> | SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT against Google LLC filed by Sonos, Inc.. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11, # <u>12</u> Exhibit 12, # <u>13</u> Exhibit 13, # <u>14</u> Exhibit 14, # <u>15</u> Exhibit 15, # <u>16</u> Exhibit 16, # <u>17</u> Exhibit 17, # <u>18</u> Exhibit 18, # <u>19</u> Exhibit 19, # <u>20</u> Exhibit 20, # <u>21</u> Exhibit 21, # <u>22</u> Exhibit 22, # <u>23</u> Exhibit 23, # <u>24</u> Exhibit 24, # <u>25</u> Exhibit 25, # <u>26</u> Exhibit 26, # <u>27</u> Exhibit 27, # <u>28</u> Exhibit 28, # <u>29</u> Exhibit 29, # <u>30</u> Exhibit 30, # <u>31</u> Exhibit 31, # <u>32</u> Exhibit 32, # <u>33</u> Exhibit 33, # <u>34</u> Exhibit 34, # <u>35</u> Exhibit 35, # <u>36</u> Exhibit 36, # <u>37</u> Exhibit 37, # <u>38</u> Exhibit 38, # <u>39</u> Exhibit 39, # <u>40</u> Exhibit 40, # <u>41</u> Exhibit 41, # <u>42</u> Exhibit 42, # <u>43</u> Exhibit 43, # <u>44</u> Exhibit 44, # <u>45</u> Exhibit 45)(am) (Entered: 02/23/2021) |
| 02/24/2021 | <u>53</u> | MOTION to Appear Pro Hac Vice by Jeffrey Lance Johnson *[Kristina McKenna]* ( Filing fee $ 100 receipt number 0542–14523312) by on behalf of Sonos, Inc.. (Attachments: # <u>1</u> Proposed Order)(Johnson, Jeffrey) (Entered: 02/24/2021) |
| 02/26/2021 | | Text Order GRANTING <u>53</u> Motion to Appear Pro Hac Vice for Attorney Kristina DiBenedetto McKenna for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 02/26/2021) |
| 03/03/2021 | <u>54</u> | MOTION to Appear Pro Hac Vice by Mark D. Siegmund *on behalf of Matthew J. Sampson* ( Filing fee $ 100 receipt number 0542–14547997) by on behalf of Sonos, Inc.. (Attachments: # <u>1</u> Proposed Order)(Siegmund, Mark) (Entered: 03/03/2021) |
| 03/05/2021 | | Text Order GRANTING <u>54</u> Motion to Appear Pro Hac Vice for Attorney Matthew J. Sampson for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 03/05/2021) |
| 03/09/2021 | <u>55</u> | Motion to Dismiss for Failure to State a Claim by Google LLC. (Verhoeven, Charles) (Entered: 03/09/2021) |

| 03/23/2021 | 56 | RESPONSE to Motion, filed by Sonos, Inc., re 55 Motion to Dismiss for Failure to State a Claim filed by Google LLC (Johnson, Jeffrey) (Entered: 03/23/2021) |
|---|---|---|
| 03/30/2021 | 57 | RESPONSE in Support, filed by Google LLC, re 55 Motion to Dismiss for Failure to State a Claim filed by Google LLC (Verhoeven, Charles) (Entered: 03/30/2021) |
| 04/22/2021 | 58 | Joint MOTION *TO PARTIALLY AMEND THE SCHEDULING ORDER* by Sonos, Inc.. (Attachments: # 1 Exhibit A)(Siegmund, Mark) (Entered: 04/22/2021) |
| 04/23/2021 | 59 | ORDER GRANTING 58 Motion TO PARTIALLY AMEND THE SCHEDULING ORDER. Signed by Judge Alan D Albright. (bw) (Entered: 04/23/2021) |
| 04/27/2021 | 60 | BRIEF by Sonos, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Siegmund, Mark) (Entered: 04/27/2021) |
| 05/18/2021 | 61 | Unopposed MOTION *to Partially Amend the Scheduling Order* by Google LLC. (Attachments: # 1 Exhibit A)(Amstutz, Paige) (Entered: 05/18/2021) |
| 05/19/2021 | 62 | ORDER GRANTING 61 Motion partially Amend Scheduling Order Signed by Judge Alan D Albright. (lad) (Entered: 05/20/2021) |
| 05/19/2021 | | Reset Hearings: Markman Hearing set for 7/15/2021 09:30 AM before Judge Alan D Albright, (lad) (Entered: 05/20/2021) |
| 05/24/2021 | 63 | NOTICE *Defendant Google LLC's Notice on Venue Discovery and Briefing Deadlines* by Google LLC (Amstutz, Paige) (Entered: 05/24/2021) |
| 06/01/2021 | 64 | RESPONSE to Motion, filed by Google LLC, re 61 Unopposed MOTION *to Partially Amend the Scheduling Order* filed by Defendant Google LLC *Google's Response Claim Construction Brief* (Attachments: # 1 Declaration of J. Jaffe, # 2 Ex. 1, # 3 Ex. 2, # 4 Ex. 3, # 5 Ex. 4, # 6 Ex. 5, # 7 Ex. 6, # 8 Ex. 7, # 9 Ex. 8, # 10 Ex. 9, # 11 Ex. 10, # 12 Ex. 11, # 13 Ex. 12, # 14 Ex. 13, # 15 Ex. 14, # 16 Ex. 15, # 17 Ex. 16, # 18 Ex. 17)(Verhoeven, Charles) (Entered: 06/01/2021) |
| 06/03/2021 | 65 | STATUS REPORT *Defendant Google LLC's Status Report on Motion to Transfer* by Google LLC. (Amstutz, Paige) (Entered: 06/03/2021) |
| 06/15/2021 | 66 | BRIEF regarding 60 Brief,, by Sonos, Inc.. (Attachments: # 1 Exhibit 26, # 2 Exhibit 27, # 3 Exhibit 28, # 4 Exhibit 29, # 5 Exhibit 30, # 6 Exhibit 31)(Siegmund, Mark) (Entered: 06/15/2021) |
| 06/15/2021 | 67 | Sealed Document: Sonos's Response to Google's Motion to Transfer of 34 MOTION to Transfer Case *to the Northern District of California* by Sonos, Inc. (Attachments: # 1 Ex. 2, # 2 Ex. 3, # 3 Ex. 5, # 4 Ex. 7, # 5 Ex. 8, # 6 Ex. 9, # 7 Ex. 26, # 8 Ex. 29, # 9 Ex. 30) (Siegmund, Mark) (Entered: 06/15/2021) |
| 06/15/2021 | 68 | ATTACHMENT: Unsealed exhibits to 67 Sealed Document, by Sonos, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Declaration of Mark Siegmund)(Siegmund, Mark) Modified on 6/16/2021 (lad). (Entered: 06/15/2021) |
| 06/16/2021 | 69 | Standing Order regarding Scheduling Order. Signed by Judge Alan D Albright. (Entered: 06/17/2021) |
| 06/21/2021 | 70 | ORDER RESETTING Zoom Markman Hearing for 8/6/2021 09:30 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (bot1) (Entered: 06/21/2021) |

| | | |
|---|---|---|
| 06/22/2021 | 71 | MOTION to Appear Pro Hac Vice by Mark D. Siegmund *for Cole B. Richter* ( Filing fee $ 100 receipt number 0542–14936997) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Siegmund, Mark) (Entered: 06/22/2021) |
| 06/22/2021 | 72 | MOTION to Appear Pro Hac Vice by Mark D. Siegmund *for David R. Grosby* ( Filing fee $ 100 receipt number 0542–14937019) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Siegmund, Mark) (Main Document 72 replaced on 6/22/2021) (ir). (Attachment 1 replaced on 6/22/2021) (ir). (Entered: 06/22/2021) |
| 06/22/2021 | 73 | MOTION to Appear Pro Hac Vice by Mark D. Siegmund *for Jae Y. Pak* ( Filing fee $ 100 receipt number 0542–14937034) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Siegmund, Mark) (Entered: 06/22/2021) |
| 06/22/2021 | 74 | MOTION to Appear Pro Hac Vice by Mark D. Siegmund *for Michael P. Boyea* ( Filing fee $ 100 receipt number 0542–14937065) by on behalf of Sonos, Inc.. (Attachments: # 1 Proposed Order)(Siegmund, Mark) (Main Document 74 replaced on 6/23/2021) (lad). (Entered: 06/22/2021) |
| 06/22/2021 | 75 | ORDER SETTING SEALED DISCOVERY HEARING. SEALED DISCOVERY HEARING BY ZOOM set for 6/22/2021 03:00 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (ir) (Entered: 06/22/2021) |
| 06/22/2021 | 76 | Minute Entry for proceedings held before Judge Alan D Albright: Discovery Hearing held on 6/22/2021 (Minute entry documents are not available electronically.)Case called for Discovery Hearing. Parties argued their issues regarding discovery. The Court heardall arguments and will be issuing an Order as soon as possible. (Court Reporter Kristie Davis.)(ab4) (Entered: 06/22/2021) |
| 06/22/2021 | 77 | Redacted Copy *Sonos's Response to Google's Motion to Transfer* of 67 Sealed Document, by Sonos, Inc.. (Siegmund, Mark) (Entered: 06/22/2021) |
| 06/23/2021 | 78 | Transcript filed of Proceedings held on 6–22–21, Proceedings Transcribed: Discovery Hearing (Zoom). Court Reporter/Transcriber: Kristie Davis, Telephone number: 254–340–6114. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 7/14/2021, Redacted Transcript Deadline set for 7/26/2021, Release of Transcript Restriction set for 9/21/2021, (kd) (Entered: 06/23/2021) |
| 06/23/2021 | 79 | TRANSCRIPT REQUEST by Sonos, Inc. for proceedings held on 6/22/2021. Proceedings Transcribed: Discovery Hearing. Court Reporter: Kristie Davis. (Caridis, Alyssa) (Entered: 06/23/2021) |
| 06/25/2021 | 80 | Joint MOTION *to Enter Discovery Order* re 76 Discovery Hearing, by Sonos, Inc.. (Attachments: # 1 Proposed Order)(Siegmund, Mark) Modified on 9/23/2021 (ir). (Entered: 06/25/2021) |
| 06/29/2021 | 81 | RESPONSE *(Surreply Claim Construction Brief)* to 66 Brief by Google LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Verhoeven, Charles) (Entered: 06/29/2021) |
| 06/29/2021 | 82 | Sealed Document: *Google's Reply in Support* of 34 MOTION to Transfer Case *to the Northern District of California* by Google LLC (Attachments: # 1 Affidavit Declaration of Umesh Patil, # 2 Affidavit Declaration of James Judah, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 19, # 19 Exhibit 20) (Verhoeven, Charles) (Entered: 06/29/2021) |
| 06/29/2021 | 83 | ATTACHMENT *Public Exhibits* to 82 Sealed Document,, by Google LLC. (Attachments: # 1 Affidavit Declaration of Lindsay Cooper, # 2 Exhibit 1, # 3 Exhibit 17, # 4 Exhibit 18, # 5 Exhibit 21, # 6 Exhibit 22, # 7 Exhibit 23, # 8 Exhibit 24, # 9 Exhibit 25, # 10 Exhibit 26, # 11 Exhibit 27, # 12 Exhibit 28, # 13 Exhibit 29, # 14 Exhibit 30, # 15 Exhibit 31)(Verhoeven, Charles) (Entered: 06/29/2021) |

| | | |
|---|---|---|
| 07/06/2021 | <u>84</u> | Redacted Copy −− *Google's Reply in Support of Motion to Transfer* of <u>82</u> Sealed Document,, by Google LLC. (Verhoeven, Charles) (Entered: 07/06/2021) |
| 07/13/2021 | <u>85</u> | STIPULATION *Concerning Pre−Markman and Fact Discovery Deadlines* by Sonos, Inc.. (Siegmund, Mark) (Entered: 07/13/2021) |
| 07/14/2021 | | Text Order GRANTING <u>71</u> Motion to Appear Pro Hac Vice for Attorney Cole B. Richter for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT−I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text−only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 07/14/2021) |
| 07/14/2021 | | Text Order GRANTING <u>72</u> Motion to Appear Pro Hac Vice for Attorney David R. Grosby for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT−I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text−only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 07/14/2021) |
| 07/14/2021 | | Text Order GRANTING <u>73</u> Motion to Appear Pro Hac Vice for Attorney Jae Y. Pak for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT−I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text−only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 07/14/2021) |
| 07/14/2021 | | Text Order GRANTING <u>74</u> Motion to Appear Pro Hac Vice for Attorney Michael P. Boyea for Sonos, Inc. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT−I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text−only entry generated by the court. There is no document associated with this entry.) (mm6) (Entered: 07/14/2021) |
| 07/16/2021 | <u>86</u> | Unopposed MOTION *for Leave to File Sur−Reply* by Sonos, Inc.. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Proposed Order)(Siegmund, Mark) (Entered: 07/16/2021) |
| 07/20/2021 | <u>87</u> | Joint MOTION *for Extension of Time Concerning Pre−Markman and Fact Discovery Deadlines* by Sonos, Inc.. (Attachments: # <u>1</u> Proposed Order)(Siegmund, Mark) (Entered: 07/20/2021) |
| 07/21/2021 | | Text Order GRANTING <u>86</u> Motion entered by Judge Alan D Albright. Came on for consideration is Plaintiff's Motion for Leave to File Sur−Reply. The Court GRANTS |

| | | |
|---|---|---|
| | | the Motion. Plaintiff shall have up to and including July 21, 2021 to file a seven (7) page sur–reply. (This is a text–only entry generated by the court. There is no document associated with this entry.) (hs) (Entered: 07/21/2021) |
| 07/21/2021 | 88 | ORDER ON GOOGLES VENUE DISCOVERY REQUESTS. Signed by Judge Alan D Albright. (ir) (Entered: 07/21/2021) |
| 07/21/2021 | 89 | ORDER GRANTING 87 MOTION for Extension of Time filed by Sonos, Inc. Signed by Judge Alan D Albright. (ir) (Entered: 07/21/2021) |
| 07/21/2021 | 90 | ORDER on SEALED MOTION HEARING BY ZOOM. Motion Hearing set for 7/23/2021 10:30 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (ir) (Entered: 07/21/2021) |
| 07/21/2021 | 91 | Sealed Motion Sonos, Inc.'s Sur–Reply to Google LLC's Motion to Transfer by Sonos, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11) (Siegmund, Mark) Modified on 9/23/2021 (ir). (Entered: 07/21/2021) |
| 07/21/2021 | 92 | ATTACHMENT *Public Exhibits* to 91 Sealed Motion Sonos, Inc.'s Sur–Reply to Google LLC's Motion to Transfer by Sonos, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Siegmund, Mark) (Entered: 07/21/2021) |
| 07/23/2021 | 93 | Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 7/23/2021 re 91 Sealed Motion Sonos, Inc.'s Sur–Reply to Google LLC's Motion to Transfer by Sonos, Inc. filed by Sonos, Inc. Case called for a Motion Hearing. The Court heard argument on the motion at issue. After hearing theargument, the Court took pending motion under advisement and will issue and Order as soon aspossible. (Minute entry documents are not available electronically.). (Court Reporter Shelly Holmes.)(ab4) (Entered: 07/23/2021) |
| 07/26/2021 | 94 | STATUS REPORT *Joint Claim Construction Statement* by Sonos, Inc.. (Siegmund, Mark) (Entered: 07/26/2021) |
| 07/28/2021 | 95 | Sealed Transcript filed (This transcript is not available electronically) (kd) (Entered: 07/28/2021) |
| 07/29/2021 | 96 | STIPULATION *Concerning Hearing Transcript* by Sonos, Inc.. (Siegmund, Mark) Modified on 7/30/2021 (lad). Modified on 9/23/2021 to terminate motion per JG (ir). (Entered: 07/29/2021) |
| 08/02/2021 | 97 | ***VACATED BY 116 *** Order DENYING DEFENDANT GOOGLES MOTION TO TRANSFER. Copies will be sent via USPS or are available for local pickup. Signed by Judge Alan D Albright. (bw) Modified on 8/19/2021 (mc5). Modified on 9/27/2021 (lad). (Entered: 08/02/2021) |
| 08/02/2021 | 98 | ORDER RESCHEDULING MARKMAN HEARING. Markman Hearing reset for 8/10/2021 09:30 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (ir) (Entered: 08/02/2021) |
| 08/03/2021 | 99 | MOTION to Expedite *THE BRIEFING SCHEDULE ON ITS MOTION TO STAY CLAIM CONSTRUCTION PROCEEDINGS PENDING RESOLUTION OF GOOGLES MANDAMUS PETITION* by Google LLC. (Attachments: # 1 Proposed Order)(Verhoeven, Charles) (Entered: 08/03/2021) |
| 08/04/2021 | 100 | MOTION to Stay *Claim Construction Proceedings* by Google LLC. (Attachments: # 1 Proposed Order)(Verhoeven, Charles) (Entered: 08/04/2021) |
| 08/05/2021 | 101 | STATUS REPORT *Amended Joint Claim Construction Statement* by Google LLC. (Amstutz, Paige) (Entered: 08/05/2021) |
| 08/05/2021 | 102 | Response in Opposition to Motion, filed by Sonos, Inc., re 100 MOTION to Stay *Claim Construction Proceedings* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Siegmund, Mark) (Entered: 08/05/2021) |
| 08/06/2021 | 104 | Federal Circuit ORDER denying it's document #5 Motion for stay pending appeal under Rule 8/18 filed by Google LLC. (re 99 MOTION to Expedite *THE BRIEFING* |

| | | |
|---|---|---|
| | | *SCHEDULE ON ITS MOTION TO STAY CLAIM CONSTRUCTION PROCEEDINGS PENDING RESOLUTION OF GOOGLES MANDAMUS PETITION* filed by Google LLC, 100 MOTION to Stay *Claim Construction Proceedings* filed by Google LLC ). (lad) (Entered: 08/09/2021) |
| 08/09/2021 | 103 | MOTION to Appear Pro Hac Vice by Paige Arnette Amstutz *for Marc L. Kaplan* ( Filing fee $ 100 receipt number 0542–15093621) by on behalf of Google LLC. (Attachments: # 1 Proposed Order)(Amstutz, Paige) (Entered: 08/09/2021) |
| 08/09/2021 | | Text Order GRANTING 103 Motion to Appear Pro Hac Vice for Attorney Marc L. Kaplan for Google LLC. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT–I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text–only entry generated by the court. There is no document associated with this entry.) (jc5) (Entered: 08/09/2021) |
| 08/10/2021 | 105 | Minute Entry for proceedings held before Judge Alan D Albright: Markman Hearing held on 8/10/2021. Case called for Markman Hearing by Zoom. Parties announce ready. Parties argue term Zone Scene; term Zone Configuration v Group Configuration. Parties argue claims. Rulings made on the record, to be followed up with an order. Hearing concluded. (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(ir) (Entered: 08/10/2021) |
| 08/11/2021 | 106 | Transcript filed of Proceedings held on 8–10–21, Proceedings: Markman hearing. Court Reporter/Transcriber: Kristie Davis, Telephone number: 254–340–6114. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/1/2021, Redacted Transcript Deadline set for 9/13/2021, Release of Transcript Restriction set for 11/9/2021, (kd) (Entered: 08/11/2021) |
| 08/26/2021 | 107 | MOTION to Strike *Sonos's Untimely Priority Claims* by Google LLC. (Attachments: # 1 Affidavit Declaration of Jordan Jaffe, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Verhoeven, Charles) (Entered: 08/26/2021) |
| 08/26/2021 | 108 | CORRECTED MOTION to Strike *Sonos's Untimely Priority Claims* by Google LLC. (Attachments: # 1 Affidavit Declaration of Jordan Jaffe, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Verhoeven, Charles) (Entered: 08/26/2021) |
| 08/27/2021 | 109 | NOTICE *Regarding Unopposed Amendment to the Scheduling Order* by Sonos, Inc. (Siegmund, Mark) (Entered: 08/27/2021) |
| 09/09/2021 | 110 | Response in Opposition to Motion, filed by Sonos, Inc., re 108 CORRECTED MOTION to Strike *Sonos's Untimely Priority Claims* filed by Google LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Siegmund, Mark) (Entered: 09/09/2021) |
| 09/09/2021 | 111 | Sealed Document: *Exhibit F* of 110 Response in Opposition to Motion, by Sonos, Inc. (Siegmund, Mark) (Entered: 09/09/2021) |
| 09/15/2021 | 112 | Joint MOTION for Protective Order *Joint Motion for Entry of Stipulated Protective Order* by Google LLC. (Attachments: # 1 Exhibit 1)(Amstutz, Paige) (Entered: 09/15/2021) |
| 09/16/2021 | 113 | STIPULATED PROTECTIVE ORDER. Signed by Judge Alan D Albright. (ir) (Entered: 09/16/2021) |

| | | |
|---|---|---|
| 09/16/2021 | 114 | REPLY to Response to Motion, filed by Google LLC, re 108 CORRECTED MOTION to Strike *Sonos's Untimely Priority Claims* filed by Google LLC (Verhoeven, Charles) (Entered: 09/16/2021) |
| 09/20/2021 | 115 | STATUS REPORT by Sonos, Inc.. (Siegmund, Mark) (Entered: 09/20/2021) |
| 09/23/2021 | | Text Order MOOTING 99 Motion to Expedite entered by Judge Alan D Albright. The Court held a Markman hearing on August 10, 2021, rendering this Motion MOOT. (This is a text–only entry generated by the court. There is no document associated with this entry.) (JGlc) (Entered: 09/23/2021) |
| 09/23/2021 | | Text Order MOOTING 100 Motion to Stay entered by Judge Alan D Albright. The Court held a Markman hearing on August 10, 2021, rendering this Motion MOOT. (This is a text–only entry generated by the court. There is no document associated with this entry.) (JGlc) (Entered: 09/23/2021) |
| 09/27/2021 | 116 | Federal Circuit ORDER granting Petition for Writ of Mandamus filed by Petitioner Google LLC. The district courts order 97 denying Googles motion to transfer is vacated, and the district court is directed to grant the transfer motion. Googles motion to waive the requirements of Federal Circuit Rule 25.1(d)(1) is granted. (lad) (Entered: 09/27/2021) |
| 09/27/2021 | 117 | ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF CALIFORNIA. Signed by Judge Alan D Albright. (ir) (Entered: 09/27/2021) |
| 09/28/2021 | 118 | Case transferred in from District of Texas Western; Case Number 6:20–cv–00881. Original file certified copy of transfer order and docket sheet received. (Entered: 09/28/2021) |
| 09/28/2021 | 119 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 1/4/2022. Initial Case Management Conference set for 1/11/2022 01:30 PM. (mclS, COURT STAFF) (Filed on 9/28/2021) (Entered: 09/28/2021)** |
| 09/29/2021 | 120 | CLERK'S NOTICE Re: Consent or Declination: Plaintiff shall file a consent or declination to proceed before a magistrate judge. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. Consent/Declination due by 10/13/2021. (wft, COURT STAFF) (Filed on 9/29/2021) (Entered: 09/29/2021) |
| 09/29/2021 | 121 | CLERK'S NOTICE Re: Consent or Declination: Defendant shall file a consent or declination to proceed before a magistrate judge. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. Consent/Declination due by 10/13/2021. (wft, COURT STAFF) (Filed on 9/29/2021) (Entered: 09/29/2021) |
| 10/08/2021 | 122 | **ORDER RELATING CASE. SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 10/8/2021) (Entered: 10/08/2021)** |
| 10/12/2021 | 123 | **ORDER REASSIGNING CASE. Case reassigned to Judge William Alsup for all further proceedings. Magistrate Judge Kandis A. Westmore no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by the Clerk on 10/12/2021. (Attachments: # 1 Notice of Eligibility for Video Recording)(anjS, COURT STAFF) (Filed on 10/12/2021) (Entered: 10/12/2021)** |
| 10/12/2021 | 124 | CLERK'S NOTICE SCHEDULING CMC ON REASSIGNMENT: Standing orders can be downloaded from the Court's webpage at www.cand.uscourts.gov/whaorders. All pending motions will be taken offcalendar and must berenoticed by the moving party for a new hearing date on a Thursday at 08:00 AM. The new hearing date must be at least five weeks from the date the motion was filed and at least three weeks from the date the renotice is filed. The due date for any opposition or reply papers not yet filed shall be calculated in accordance with Civil Local Rule 73. |

|  |  | Joint Case Management Statement due by 1/6/2022. Initial Case Management Conference set for 1/13/2022 at 11:00 AM in San Francisco, Courtroom 12, 19th Floor. |
|  |  | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (ecS, COURT STAFF) (Filed on 10/12/2021) (Entered: 10/12/2021) |
| 12/09/2021 | 125 | Letter from Charles K. Verhoeven , *Counsel for Defendant Google, Requesting Leave to File Motion to Dismiss*. (Verhoeven, Charles) (Filed on 12/9/2021) (Entered: 12/09/2021) |
| 12/13/2021 | 126 | Letter from Alyssa Caridis re 125 *Google LLC's Letter on 12/09/2021. By Plaintiff Sonos, Inc.*. (Caridis, Alyssa) (Filed on 12/13/2021) (Entered: 12/13/2021) |
| 12/14/2021 | 127 | **REQUEST FOR MORE INFORMATION REGARDING 125 GOOGLE'S PRECIS REQUEST. SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 12/14/2021) (Entered: 12/14/2021)** |
| 12/16/2021 | 128 | RESPONSE re 127 Order *(Google's Response to the Court's Request for More Information Regarding Google's Precis Request)* by Google LLC. (Verhoeven, Charles) (Filed on 12/16/2021) (Entered: 12/16/2021) |
| 12/16/2021 | 129 | Response re 127 Order *Sonos, Inc.s Response To The Courts Dec. 14 Request by*Sonos, Inc.. (Caridis, Alyssa) (Filed on 12/16/2021) (Entered: 12/16/2021) |
| 12/20/2021 | 130 | NOTICE of Appearance by Jocelyn Ma (Ma, Jocelyn) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/20/2021 | 131 | NOTICE of Appearance by Nima Hefazi (Hefazi, Nima) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/21/2021 | 132 | NOTICE of Appearance by Lana Robins (Robins, Lana) (Filed on 12/21/2021) (Entered: 12/21/2021) |
| 12/30/2021 | 133 | **ORDER RE: 125 GOOGLE'S PRECIS REQUEST TO FILE MOTION TO DISMISS. SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 12/30/2021) (Entered: 12/30/2021)** |
| 12/31/2021 | 134 | STIPULATION WITH PROPOSED ORDER *(Protective Order)* filed by Google LLC. (Verhoeven, Charles) (Filed on 12/31/2021) (Entered: 12/31/2021) |
| 01/03/2022 | 135 | **ORDER APPROVING 134 STIPULATED PROTECTIVE ORDER (WITH CONDITIONS). SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 1/3/2022) (Entered: 01/03/2022)** |
| 01/06/2022 | 136 | JOINT CASE MANAGEMENT STATEMENT filed by Google LLC. (Verhoeven, Charles) (Filed on 1/6/2022) (Entered: 01/06/2022) |
| 01/10/2022 | 137 | **CLERK'S NOTICE CONVERTING INITIAL CASE MANAGEMENT CONFERENCE SET FOR 1/13/2022 TO TELEPHONIC HEARING: Initial Case Management Conference set for 1/13/2022 11:00 AM in San Francisco, – Telephonic Only.** |
|  |  | This proceeding will be held by AT&T Conference Line. The court circulates the following conference number to allow the equivalent of a public hearing by telephone. |
|  |  | For conference line information, see: https://apps.cand.uscourts.gov/telhrg/ |
|  |  | All counsel, members of the public and press please use the following dial−in information below to access the conference line: |
|  |  | Dial In: 888−684−8852 |
|  |  | Access Code: 3707514 |
|  |  | PARTIES ARE TO CHECK IN WITH COURTROOM DEPUTY BY CONNECTING TO TELECONFERENCE LINE 10 MINUTES PRIOR TO THE SCHEDULED START TIME. Mute your phone if possible and wait for the Court to address you |

| | | |
|---|---|---|
| | | before speaking on the line. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. |
| | | PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III. |
| | | Initial Case Management Conference set for 1/13/2022 11:00 AM in San Francisco, – Telephonic Only. *(This is a text–only entry generated by the court. There is no document associated with this entry.)*(afm, COURT STAFF) (Filed on 1/10/2022) (Entered: 01/10/2022) |
| 01/10/2022 | <u>138</u> | MOTION to Dismiss filed by Google LLC. Motion Hearing set for 2/24/2022 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 1/24/2022. Replies due by 1/31/2022. (Attachments: # <u>1</u> Proposed Order)(Verhoeven, Charles) (Filed on 1/10/2022) (Entered: 01/10/2022) |
| 01/12/2022 | 139 | **CLERK'S NOTICE ADVANCING TIME OF INITIAL CASE MANAGEMENT CONFERENCE ON 1/13/2022 FROM 11:00AM TO 8:00AM. Hearing will be conducted telephonically.**<br><br>This proceeding will be held by AT&T Conference Line. The court circulates the following conference number to allow the equivalent of a public hearing by telephone.<br><br>For conference line information, see: https://apps.cand.uscourts.gov/telhrg/<br><br>All counsel, members of the public and press please use the following dial–in information below to access the conference line:<br><br>Dial In: 888–684–8852<br><br>Access Code: 3707514<br><br>Parties are to dial in to the hearing 10 minutes prior to start time and check in with courtroom deputy. Mute your phone if possible and wait for the Court to address you before speaking on the line. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.<br><br>PLEASE NOTE: Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. See General Order 58 at Paragraph III.<br><br>Initial Case Management Conference set for 1/13/2022 08:00 AM in San Francisco, – Telephonic Only. *(This is a text–only entry generated by the court. There is no document associated with this entry.)*(afm, COURT STAFF) (Filed on 1/12/2022) (Entered: 01/12/2022) |
| 01/13/2022 | 140 | **Minute Entry for proceedings held before Judge William Alsup:**<br><br>**Motion Hearing re: <u>80</u> Motion for Leave to File Second Amended Complaint, Status Conference (20–cv–6754), and Initial Case Management Conference (21–cv–7559) held telephonically on 1/13/2022. Court takes motion under submission. Request from parties re: clarification on 100–hour limit on depositions and whether or not third parties are excluded. Court ruled parties may use up 100 hours on everyone, including third parties. Nearing end of 100 hours limit, Court may grant a little more time IF requested party has behaved properly with respect to disclosures and discovery.**<br><br>**Total Time in Court: 9:35 – 10:15 = 40 Minutes.**<br>**Court Reporter: Marla Knox.**<br><br>**Google Attorneys: Charles Verhoeven, Lindsey Cooper.**<br>**Sonos Attorneys: Sean Sullivan, Clem Roberts, Cole Richter.** |

| | | |
|---|---|---|
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (afm, COURT STAFF) (Date Filed: 1/13/2022) (Entered: 01/13/2022) |
| 01/13/2022 | <u>141</u> | TRANSCRIPT ORDER for proceedings held on 1/13/2022 before Judge William Alsup by Google LLC, for Court Reporter Marla Knox. (Cooper, Lindsay) (Filed on 1/13/2022) (Entered: 01/13/2022) |
| 01/21/2022 | <u>142</u> | Transcript of Telephonic Proceedings held on January 13, 2022, before Judge William H. Alsup. Court Reporter, Marla F. Knox, RPR, CRR, RMR, telephone number (602) 391−6990/email marla_knox@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re <u>141</u> Transcript Order ) Release of Transcript Restriction set for 4/21/2022. (Related documents(s) <u>141</u> ) (mfk, COURT STAFF) (Filed on 1/21/2022) (Entered: 01/21/2022) |
| 01/24/2022 | <u>143</u> | NOTICE of Appearance by Evan David Brewer *Pursuant to Civil L.R. 5−1(c)(2)* (Brewer, Evan) (Filed on 1/24/2022) (Entered: 01/24/2022) |
| 01/24/2022 | <u>144</u> | OPPOSITION/RESPONSE (re <u>138</u> MOTION to Dismiss ) filed bySonos, Inc.. (Attachments: # <u>1</u> Declaration of Evan Brewer and Exhibits A−D)(Roberts, Clement) (Filed on 1/24/2022) (Entered: 01/24/2022) |
| 01/26/2022 | <u>145</u> | **ORDER RE TECHNOLOGY TUTORIAL. SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 1/26/2022) (Entered: 01/26/2022)** |
| 01/31/2022 | <u>146</u> | REPLY (re <u>138</u> MOTION to Dismiss ) filed byGoogle LLC. (Verhoeven, Charles) (Filed on 1/31/2022) (Entered: 01/31/2022) |
| 02/01/2022 | <u>147</u> | STIPULATION WITH PROPOSED ORDER *re: Discovery of Electronically Stored Information* filed by Google LLC. (Cooper, Lindsay) (Filed on 2/1/2022) (Entered: 02/01/2022) |
| 02/02/2022 | <u>148</u> | **ORDER GRANTING <u>119</u> <u>147</u> STIPULATION RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION. Signed by Judge William Alsup on 2/2/2022. (afm, COURT STAFF) (Filed on 2/2/2022) (Entered: 02/02/2022)** |
| 02/03/2022 | 149 | Received one USB Drive from Sonos, Inc. re <u>115</u> in case 3:20−cv−06754−WHA, and <u>145</u> in case 3:21−cv−07559−WHA. (wsn, COURT STAFF) (Filed on 2/3/2022) (Entered: 02/03/2022) |
| 02/04/2022 | <u>150</u> | STIPULATION WITH PROPOSED ORDER *of Partial Dismissal* filed by Google LLC. (Verhoeven, Charles) (Filed on 2/4/2022) (Entered: 02/04/2022) |
| 02/05/2022 | <u>151</u> | **ORDER by Judge William Alsup granting <u>150</u> Stipulation For Partial Dismissal. (afm, COURT STAFF) (Filed on 2/5/2022) (Entered: 02/05/2022)** |
| 02/24/2022 | 152 | **Minute Entry for proceedings held before Judge William Alsup:** <br><br>**Motion Hearing held on 2/24/2022 re <u>138</u> MOTION to Dismiss filed by Google LLC. Court takes <u>138</u> Motion to Dismiss under submission.**<br><br>**Total Time in Court: 8:40 − 9:07 = 27 Minutes.**<br>**Court Reporter: Ana Dub.**<br><br>**Plaintiff Attorney: Bas de Blank.**<br>**Defendant Attorney: Charles Verhoven.**<br><br>***(This is a text−only entry generated by the court. There is no document associated with this entry.)*** **(afm, COURT STAFF) (Date Filed: 2/24/2022) (Entered: 02/24/2022)** |

| | | |
|---|---|---|
| 02/24/2022 | <u>153</u> | TRANSCRIPT ORDER for proceedings held on 2/24/2022 before Judge William Alsup by Google LLC, for Court Reporter Ana Dub. (Cooper, Lindsay) (Filed on 2/24/2022) (Entered: 02/24/2022) |
| 02/24/2022 | <u>154</u> | TRANSCRIPT ORDER for proceedings held on 02/24/2022 before Judge William Alsup by Sonos, Inc., for Court Reporter Ana Dub. (Caridis, Alyssa) (Filed on 2/24/2022) (Entered: 02/24/2022) |
| 03/06/2022 | <u>155</u> | Transcript of Proceedings held on 02/24/2022 before Judge William H. Alsup. Court Reporter Ana Dub, CSR 7445, RDR, RMR, CRR, CCRR, CRG, CCG, telephone number 415−290−1651; ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re <u>153</u> Transcript Order ) Release of Transcript Restriction set for 6/6/2022. (Related documents(s) <u>153</u> ) (amd, COURT STAFF) (Filed on 3/6/2022) (Entered: 03/06/2022) |
| 03/16/2022 | <u>156</u> | **ORDER RE <u>138</u> MOTION TO DISMISS AND CERTIFICATION UNDER 28 U.S.C. § 1292(b). SIGNED BY JUDGE ALSUP. (whalc2, COURT STAFF) (Filed on 3/16/2022) (Entered: 03/16/2022)** |
| 03/17/2022 | <u>157</u> | MOTION for leave to appear in Pro Hac Vice *Anne−Raphaelle Aubry* ( Filing fee $ 317, receipt number ACANDC−17003172.) filed by Google LLC. (Aubry, Anne−Raphaelle) (Filed on 3/17/2022) (Entered: 03/17/2022) |
| 03/19/2022 | <u>158</u> | **ORDER by Judge William Alsup granting <u>157</u> Motion for Pro Hac Vice. (afm, COURT STAFF) (Filed on 3/19/2022) (Entered: 03/19/2022)** |
| 03/30/2022 | <u>159</u> | MOTION to Amend/Correct *Sonos, Inc.s Motion For Leave To File Third Amended Complaint* filed by Sonos, Inc.. Motion Hearing set for 5/12/2022 08:00 AM in San Francisco, Courtroom 12, 19th Floor before Judge William Alsup. Responses due by 4/13/2022. Replies due by 4/20/2022. (Attachments: # <u>1</u> Richter Decl, # <u>2</u> Ex 1, # <u>3</u> Ex 2, # <u>4</u> Ex 3, # <u>5</u> Ex 4, # <u>6</u> Ex 5, # <u>7</u> Ex 6, # <u>8</u> Ex 7, # <u>9</u> Ex 8, # <u>10</u> Proposed Order)(Richter, Cole) (Filed on 3/30/2022) (Entered: 03/30/2022) |
| 03/30/2022 | <u>160</u> | Administrative Motion to File Under Seal *Sonos, Inc.s Administrative Motion To Consider Whether Another Partys Material Should Be Sealed* filed by Sonos, Inc.. (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Ex 2 [Sealed], # <u>3</u> Ex 3 [Sealed])(Richter, Cole) (Filed on 3/30/2022) (Entered: 03/30/2022) |
| 03/31/2022 | <u>161</u> | U.S. Court of Appeals for the Federal Circuit Case Number 2022−134. (mcl, COURT STAFF) (Filed on 3/31/2022) (Entered: 03/31/2022) |
| 03/31/2022 | <u>162</u> | CERTIFICATE OF SERVICE by Sonos, Inc. re <u>160</u> Administrative Motion to File Under Seal *Sonos, Inc.s Administrative Motion To Consider Whether Another Partys Material Should Be Sealed* (Richter, Cole) (Filed on 3/31/2022) (Entered: 03/31/2022) |
| 04/06/2022 | <u>163</u> | Declaration of Jocelyn Ma in Support of <u>160</u> Administrative Motion to File Under Seal *Sonos, Inc.s Administrative Motion To Consider Whether Another Partys Material Should Be Sealed* filed byGoogle LLC. (Related document(s) <u>160</u> ) (Ma, Jocelyn) (Filed on 4/6/2022) (Entered: 04/06/2022) |
| 04/06/2022 | <u>164</u> | EXHIBITS re <u>160</u> Administrative Motion to File Under Seal *Sonos, Inc.s Administrative Motion To Consider Whether Another Partys Material Should Be Sealed* filed byGoogle LLC. (Attachments: # <u>1</u> Exhibit 2 (Sealed))(Related document(s) <u>160</u> ) (Ma, Jocelyn) (Filed on 4/6/2022) (Entered: 04/06/2022) |